## R. M. McAlpin and Another v. Michael Ziller.

Where a paper is introduced in evidence at the trial, the judgment will not be reversed on exceptions previously taken to the admission of parol evidence to prove its contents, which evidence was given in answer to interrogatories which were leading.

The objection to the introduction of the receipt was, that a proper foundation for its admission had not been laid, by evidence of the authority of Hill, (by whom the receipt was signed) to receive and receipt for the money. But, as such evidence was introduced upon the trial, it is immaterial whether it had been introduced at the time the receipt was offered, or not.

A receipt is not the best evidence of payment, and need not be produced or accounted for, before parol evidence of the payment will be received.

Where A holds B out to the world as his agent, with general authority to receive and receipt for money due him; he will be bound by B's acts, within the scope of the power, without regard to any private or actual understanding between A and B.

See this case for evidence upon which the jury were warranted in finding that a certain person had authority from the plaintiffs to receive payment of a certain debt due them.

The Court will not presume that instructions which appear from the record to have been asked at a former trial, were again asked at a subsequent trial.

Appeal from Travis. Tried below before the Hon. Thomas H. DuVal.

Suit by appellants, who were merchants in New Orleans, against appellee for $249 12, for goods sold and delivered, April 13th, 1853. Pleas of general denial and payment to B. F. Hill, the agent of the plaintiffs. The plaintiffs proved the sale and delivery of the goods, the order therefor coming through B. F. Hill, whom the witness for plaintiffs called the agent of the defendant. Plaintiffs' witness stated that the goods had never been paid for.

S. G. Sneed, defendant's witness, testified that he was present when Hill solicited defendant's trade for Hill & Co. at

Lavaca ; that he made out a bill for defendant ; that articles in the account sued on were, as he believed, the same as those in the bill made out by witness.

Defendant read the following receipt :  " Received, August " 11, 1853, of M. Ziller two hundred and forty-nine and 12-100 " dollars, for and on account of R. M. McAlpin & Co., New "Orleans.

BEN. F. HILL."

The deposition of B. F. Hill, a witness for defendant, showed that he (witness) was engaged in business in Lavaca ; that defendant ordered a bill of goods in March, 1853 ; that the order was filled, at witness' request, by plaintiffs ; that the value of the goods was $249 12, and that defendant paid witness for the goods ; that James McAlpin was brother to R. M. McAlpin, and was one of the firm of Ben. F. Hill & Co., and was an authorized agent of plaintiffs ; that he, witness, paid the money collected from defendant to said James McAlpin, who was an authorized agent of plaintiffs ; but did not disclose such agency to defendant.

The defendant's witness, John J. Grumbles, testified that, in the Spring of 1853, he went to New Orleans with Hill ; that Hill had $2500 in money. Witness was introduced to plaintiffs by Hill, who paid over to plaintiffs about $1000, but witness did not know on whose account. Witness visited Alabama and, on his return to New Orleans, he found a letter from Hill, requesting him to call on plaintiffs, which he did. They proposed to sell him groceries ; he declined buying, when plaintiffs told him it did not matter about the money, as Hill had informed them that he (witness) was good. On witness still declining to buy, plaintiffs invited him to send for any goods he might require and settle for them with B. F. Hill or James McAlpin of Lavaca ; that plaintiffs apparently had confidence in Hill, and stated to witness that Hill and James McAlpin were a branch of the firm of R. M. McAlpin & Co., or that they were agents.

The deposition of B. F. Hill, offered by plaintiffs as rebutting testimony, showed that he knew James McAlpin to be an agent of plaintiffs from seeing him collect money for them and from McAlpin's own statement. Never heard the plaintiffs say he was their agent; he represented himself as such. Does not know what James McAlpin did with the $249 12 paid him by witness. James McAlpin was in the house of plaintiffs, but does not know whether as partner or clerk. Witness and James McAlpin were partners in Lavaca.

Charles and Edward Mavin, witnesses for plaintiffs, testified that James McAlpin was a brother of Robert M. McAlpin, and died at Lavaca in September or October, 1853. Witnesses were clerks in plaintiffs' house. James McAlpin was also a clerk; was principal salesman, but never a partner; and was never an agent of R. M. McAlpin & Co. P. S. Miller was the only attorney for plaintiffs.

The Judge charged the jury, without request, as follows:

The plaintiffs in this case bring suit against the defendant for certain goods and merchandise furnished by them to the latter. The receipt of the goods is not denied. The defendant pleads payment, and the only question which you have to determine is, whether or not, this plea is sustained by the testimony. To render the plea of payment a good defence in this case, the jury must be satisfied from the evidence, that the money due for the goods was paid to the plaintiffs themselves, or to some one who had the right and authority to receive it for them. If Ben. F. Hill had not such authority, then Ziller is liable to repay it, and you must find a verdict for the principal due in favor of the plaintiff.

The receipt given by Ben. F. Hill, is not, of itself, any evidence whatever of a payment to the plaintiffs; but it may become so, if, in the opinion of the jury, there are other facts and circumstances in proof before them, to justify a presumption that Hill was the accredited agent of the plaintiffs, or that he was authorized to receive and receipt for the money paid

by Ziller. The authority of one person to receive and receipt for money due to another must, in general, be clearly established by positive proof, though it may sometimes be inferred from facts and circumstances going clearly to show the existence of such authority. It is for the jury to determine, whether, or not, from the testimony in the case, Ben. F. Hill had any, or sufficient authority, from the plaintiffs, to receive and receipt for the money paid by the defendant and to find a verdict accordingly.

At the request of the plaintiffs the Judge instructed the jury as follows:

If the jury believe from the evidence, that Ziller paid the money to B. F. Hill, who was acting under the authority of James McAlpin, and the money has not been paid to the plaintiffs, it devolves upon the defendant to prove that James McAlpin had the authority from plaintiffs to collect the money, or that he was their recognized agent. If the defendant has failed to prove the above facts, the payment to B. F. Hill will not exonerate the defendant, and they must find for the plaintiffs, unless the defendant has proved that he has paid the debt in some other way.

There were some instructions in the record, which appeared to have been asked by the plaintiffs upon a former trial. It did not appear that they were asked upon the final trial.

Verdict and judgment for the defendant. Motion for a new trial overruled.

There was a bill of exceptions by the plaintiffs, as follows:

Be it remembered that on the trial of this cause, the plaintiffs objected to fifth interrogatory and answer of B. F. Hill, because said interrogatory was leading, and because the receipt was better evidence of the fact sought to be proved, than the testimony of the witness. Which interrogatory and answer were in words substantially as follows: "Int. 5th. "Did not the defendant pay you and take your receipt in full " for the goods mentioned in exhibit A ?" Answer to interro-

gatory 5. " He did." Which objection was overruled by the Court, and the interrogatory and answer read in evidence to the jury and plaintiff, excepted.

And plaintiffs objected to the reading of the 7th interrogatory and answer of B. F. Hill ; first because said interrogatory was leading, and second because the receipt if any existed, would be better evidence than the testimony of said Hill, and it was proved, by the answer of said Hill to the 5th interrogatory, that a receipt had been executed ; which interrogatory and answer were in words and figures as follows, to-wit: " Inty. 7. Did you not execute your receipt at Austin, Texas, " for the sum of $249 12 in full payment for the goods above " referred to ?" Answer to 7th interrogatory : " I did." Which objection was overruled by the Court, and the interrogatory and answer read in evidence to the jury, and plaintiffs excepted.

The plaintiffs objected to the reading in evidence of the 11th interrogatory and answer of Ben. F. Hill, because they did not exhibit to him the original receipt, instead of a copy, without first showing that the original was lost, mislaid or beyond the reach of the defendant, and because they had not shown that said Hill had any authority to execute such receipt ; which interrogatory and answer were in words and figures following, to-wit : " Int. 11. Examine exhibit B here-" to attached, and say whether or not it is a true copy of the " receipt by you executed to the said defendant upon the pay-" ment for said goods by defendant." Answer to 11th Int'y. " It is." The receipt referred to is the one set out and signed by B. F. Hill in the statement of facts dated 11th August, 1853. All of which objections were overruled by the Court, and the interrogatory and answer read in evidence to the jury, and plaintiffs excepted.

The plaintiffs objected to the reading in evidence of the receipt from Ben. F. Hill to defendant, (which is set out in the statement of facts and dated 11th Aug, 1853,) because defendant

McAlpin v. Ziller.

had not laid the foundation for the introduction of said receipt by introducing evidence to show that Ben. F. Hill, had authority to receive the money and receipt therefor. Which objection was overruled by the Court, and the receipt read in evidence to the jury, and plaintiffs excepted.

*Hamilton, Chandler* and *Walton,* for appellants.

*Turner & Sneed,* for appellee.

WHEELER, J. The answers of the witness Hill, to questions propounded to him touching the receipt he had given, were obnoxious to both the objections taken to the deposition. The questions were leading ; and proposed to prove by parol the contents of a writing. To prove that the receipt was a "receipt in full" for "goods" &c., was certainly proving its contents. But the receipt itself was afterwards produced in evidence ; and thus the deposition of the witness was superseded, and rendered wholly immaterial.

The objection to the introduction of the receipt, was, that a proper foundation for its admission had not been laid, by evidence of the authority of Hill to receive and receipt for the money. But, as such evidence was introduced upon the trial, it is immaterial whether it had been, at the time the receipt was offered, or not ; the receipt was properly admitted in evidence.

Again ; the evidence offered to prove the receipt, and the receipt itself, were introduced for the purpose of proving payment. The evidence could have no other object or effect. But the proof of the payment of the money was clear and positive, independent of the receipt ; so that the receipt and the evidence in respect to it, were rendered wholly immaterial. The receipt was not the only, nor the best evidence of the payment of the money. It was not an instrument which the law requires to be in writing ; nor did it evidence any contract be-

tween the parties; nor was the existence or contents of the receipt, the question in dispute. It was a matter collateral to the question in issue,—the payment of the money,— and there was no necessity to produce it, or account for its non-production, to let in other evidence of the payment.

The only question in the case, deserving of notice, is whether Hill had authority from the plaintiffs to receive payment; or was held out to the world, by them, as having such authority as to warrant the defendant in making the payment to him, as the plaintiffs' authorized agent. Upon this subject the Court instructed the jury, to the effect, that in order to find the fact of payment, they must be " satisfied from the evidence that the " money due for the goods was paid to the plaintiffs themselves, " or to some one who had the right and authority to receive " it for them; if Ben. F. Hill had no such authority, then Zil-" ler is liable to repay it, and you must find a verdict for the " plaintiff," &c.

This instruction was more favorable to the plaintiffs than they had a right to ask. For it required the jury to be satisfied that Hill had the authority from the plaintiffs in point of fact. Whereas, if the plaintiffs held him out to the world as having such authority, it would make no difference what was the private or actual understanding and relation of the parties. Third persons, acting upon the plaintiffs' representations, would be equally protected whether, in point of fact, he had the authority or not. Third persons cannot be affected by the private understanding between the parties, which is known only to themselves. Under the charge of the Court, it is evident, the jury must have been satisfied that Hill had authority from the plaintiffs to act as their agent in making collections. And the only question is whether they were warranted by the evidence in so finding. We think they were. It is certain that the plaintiffs held him out to others as having such authority; and the jury were warranted in finding that he had the authority which the plaintiffs themselves represented him to possess.

The appellants' counsel complain of the refusal of the Court to give instructions which appear, by the record, to have been asked on a former trial ; and were not asked on the final trial. It is scarcely necessary to say that the ruling of the Court upon those instructions can have had no influence upon the final trial, and can with no propriety be brought under discussion upon this appeal.   The appellants have nothing of which to complain in the charge of the Court, or the finding of the jury upon the evidence.   There is no error in the judgment, and it is affirmed.

Judgment affirmed.