M. A. R. ALLEN ET AL. v. R. N. READ ET AL.

(Case No. 1730.)

1. ABATEMENT—DUE ORDER OF PLEADING—A plea in abatement filed after pleas to the merits, comes too late.

2. EVIDENCE—RECORD—PAROL TESTIMONY—The record in a case is the best evidence of what was done therein, and parol evidence, explanatory of what was done, or understood by the parties thereto to have been done, is not admissible to contradict the record.

3. SAME—LOST DEED—CERTIFICATE OF CLERK—CIRCUMSTANTIAL EVIDENCE—See facts for case where a county clerk's certificate of the record of a deed in his office was

admissible, in connection with other evidence, the record having been destroyed, as circumstantial evidence tending to prove that such a deed, alleged to have been lost, once existed.

4. TRESPASS TO TRY TITLE—TENANTS IN COMMON—LIMITATION—W., without naming any co-tenant, sued for an undivided half of a league of land, and prayed for possession of the whole league. The day before the trial, A. as owner of the other half intervened, when W. amended, recognizing A.'s tenancy in common with herself, and prayed judgment for herself and A. for the league. Defendants moved for a continuance on the ground of surprise at A.'s intervention. The court announced that, unless A.'s intervention was withdrawn, the continuance would be granted; whereupon, A.'s counsel, who were also counsel for W., withdrew the intervention, and the cause proceeded to trial as between W. and the defendants therein, resulting in a judgment for W. That judgment was affirmed by the supreme court, and, shortly afterwards, W. obtained possession of the whole league through a writ of possession issued thereunder. Subsequently, the defendants in that suit, basing their title upon limitation, sued W. and A. for an undivided half of the same league, and for partition as between W. and themselves, claiming that the title of A., whom W. had received into possession with her, had not been adjudicated. *Held:*

(1) That A.'s title was not in issue in the former suit;

(2) That limitation did not cease to run against A. until the plaintiffs in the latter suit were dispossessed through the writ of possession which issued under the judgment in favor of W. in the former suit. (Citing Read *v.* Allen, 56 Tex., 182, and Stovall *v.* Carmichael, 52 Tex., 383.)

5. SAME—SEPARATE PROPERTY OF WIFE—SUIT AGAINST HUSBAND IN POSSESSION—LIMITATION—A suit against a husband for land in his possession, but the separate property of the wife, stops the running of limitation in favor of the wife, though she is not a party to the suit. (Citing Read *v.* Allen, 56 Tex., 180, 194; Read *v.* Allen, 58 Tex., 382; McKelvain *v.* Allen, 58 Tex., 388.)

6. MISJOINDER OF ACTIONS—PLEADINGS—PRACTICE—A joint action by several claiming separate and distinct portions of a league of land, brought to recover their respective parts, is irregular, and an objection to such joint action, if made at a proper time and in a proper manner, should be sustained; but the objection cannot, for the first time, be made in the supreme court, and a defendant ought not to be heard to urge it at all after having acquiesced so long in the particular mode of procedure as that to entertain the objection would operate to the prejudice of the plaintiffs and secure to the defendant advantages which he would not have, had he urged the objection when the action was first brought.

7. CASE RE-AFFIRMED—The principles of law enunciated in Read *v.* Allen, 56 Tex., 182, re-affirmed.

APPEAL from Houston. Tried below before the Hon. J. R. Kennard.

This case was before the supreme court at a former term, and is reported in 56 Tex., 182.

The facts were about as follows: On March 12, 1873, Anna Perry, now Mrs. Walker, one of the appellants, brought suit in the district court of Houston county, against all the appellees, except Mrs. Thompson and Mrs. Jeffus, whose husbands, however, were sued, for an undivided half of the Jose. A. Aughinbaugh league of land, in that county. The petition alleged title to an undivided half

of the league, and prayed judgment for the possession of the whole, but no co-tenant was named, and it did not appear, by the pleadings, who owned the other half. On November 7, 1878, Mrs. M. A. R. Allen, another of the appellants, intervened in that suit, setting up title in herself to the other undivided half, and praying judgment, as co-tenant of Mrs. Walker. On the same day, Mrs. Walker amended her petition, alleging that Mrs. Allen was the owner of the other half of the league, and praying judgment for both Mrs. Allen and herself for the entire league. The cause was called for trial November 8, 1878, when the defendants applied for a continuance, because of surprise at Mrs. Allen's intervention, and because of the absence of material witnesses The court announced that, unless Mrs. Allen's intervention was withdrawn, the cause would be continued ; whereupon, her counsel, who were also counsel for Mrs. Walker, withdrew the intervention, and the cause was tried, and resulted in a verdict and judgment in favor of Walker and wife for the land. This judgment was affirmed by the supreme court, at Galveston, in March, 1880, but the case was not reported. In May, 1880, a writ of possession was issued, and Mrs. Walker was placed in possession of the whole of the league, but she admitted Mrs. Allen into possession with her, and recognized the latter's title to an undivided half.

August 26, 1880, appellees joined in a suit against Mrs. Allen and Walker and wife, setting up a superior title by limitation as against Mrs. Allen to an undivided half of the league, and alleging, fully, the withdrawal of her title from litigation, etc., and praying for judgment for half the land and for partition as between themselves and Mrs. Walker, whose title to one-half was recognized, except that Mrs. Thompson and Mrs. Jeffus, two of the appellees, prayed judgment for the whole of the tracts claimed by them, upon the ground that those tracts were their separate property, and they were not parties to the original suit. Each of the appellees set up title to separate and distinct parts of the league, but all joined in this suit. There was, however, no plea of misjoinder filed.

On the first trial, the petition was dismissed, on exceptions, but that judgment was reversed ; for a report of which, see 56 Tex., 182. The second and last trial was on the merits, before a jury, and resulted in a verdict and judgment in favor of appellees for an undivided half of the tract claimed by them as against Mrs. Allen, and in favor of Mrs. Thompson and Mrs. Jeffus, for the whole of the tracts claimed by them. From this last judgment this appeal was prosecuted.

It appears, that appellees Jeffus and wife had enjoined appellants from dispossessing Mrs. Jeffus of the tract claimed by her, and that the

injunction suit was pending at the time of the institution of this suit. Appellants filed a plea in abatement as to Jeffus and wife, and asked that this suit be abated as to them, on account of the pendency of the injunction suit, but the plea was filed subsequently to the filing of pleas to the merits of the cause.

In some of the deeds read in evidence by the appellees, the name of the original grantee was given as Jesse A. Aughinbaugh, and in some as Jose A. Aughinbaugh; and the word Aughinbaugh was differently spelled in some. The court permitted B. F. Duren, county surveyor, to testify that there was only one Aughinbaugh league, or only one of similar name, in Houston county, which evidence was objected to by appellants.

On the trial, appellants' counsel offered to show that appellants did not withdraw Mrs. Allen's intervention in the first suit, with any purpose or understanding that that suit should proceed with respect only to Mrs. Walker's half interest; but the court refused to admit the evidence. The record of that suit showed the withdrawal of Mrs. Allen's intervention upon the ruling of the presiding judge, that otherwise the cause would be continued on the application of the defendants therein. On the trial of this case, the court charged the jury that such withdrawal of Mrs. Allen's intervention operated as a withdrawal of her title from the litigation.

The court, likewise, charged the jury in this case, that, as to Mrs. Allen, limitation did not cease to run until the execution of the writ of possession in favor of Mrs. Walker, in May, 1880; also, that, as to Mrs. Thompson and Mrs. Jeffus, limitation in their favor was not stopped by the former suit, by Mrs. Walker, in March, 1873, although their husbands were parties defendant to that suit. It appears that the tracts claimed by Mrs. Thompson and Mrs. Jeffus were their separate property.

Appellees exhibited no regular chain of title, but each showed a deed to his or her particular piece or part, and also showed adverse possession. The verdict was for the appellees, naming each of them, under their claim of title by limitation, as against Mrs. Allen, and in favor of Mrs. Thompson and Mrs. Jeffus, for the tracts claimed by them, respectively; also, on the ground of limitation, as against both Mrs. Walker and Mrs. Allen.

As between Mrs. Walker and appellees Thompson and Jeffus, the title of the former to an undivided half was litigated in this suit; but as to all the other appellees, the court charged the jury that the judgment, in the former suit, in favor of Mrs. Walker, was conclusive.

On the issue of Mrs. Walker's title, it appeared that a deed from

Aughinbaugh, the original grantee, to one Chas. Howard, dated in 1835, through which Mrs. Walker deraigned title, had been lost. To prove this deed, the record having been destroyed, appellants read, in connection with other evidence, a certificate of J. H. Gillespie, county clerk of Houston county, dated in 1855, and authenticated by the seal of his office, to the effect that there was of record in his office a deed from J. A. Aughinbaugh to Chas. Howard, of date 1835, and recorded in book A, for one undivided half of his headright league of land in Houston county. The court admitted this certificate in evidence, but charged the jury with reference to it, that it was admitted, with other facts or circumstances, as circumstantial evidence tending to prove the existence of the paper purporting to be the deed from Aughinbaugh to Howard, alleged to have been lost, but not admitted as competent evidence to establish, by the recitals of facts contained therein, the execution, delivery, or contents of the deed.

The jury expressly stated in their verdict that they found for appellees on their claim of limitation.

As to those appellees with reference to whom the judgment is affirmed, it seems not to have been questioned, but that they established titles by limitation as against Mrs. Allen, provided limitation did not cease to run until the execution of the writ of possession under the judgment in favor of Mrs. Walker in the first suit.

Mrs. Thompson sued for rents, and recovered $840, the jury having found for her the whole of the tract claimed by her as her separate property.

*Nunn, Williams & Corry*, for appellants, that the suit should have been abated as to Caleb Jeffus and wife, cited. Payne *v.* Benham, 16 Tex., 367; Drake *v.* Brander, 8 Tex., 357; Langham *v.* Thomason, 5 Tex., 129.

On limitation as affecting Mrs. Allen, they cited: Watrous *v.* McGrew, 61 Tex., 506; Stovall *v.* Carmichael, 52 Tex., 383; Read *v.* Fisher, Galv. term, 1880; Poage *v.* Chinn, 4 Dana, 50; Henderson *v.* Griffin, 5 Peters, 157; Clymer's Lessees *v.* Dawkins, 3 How., 674; 2 Greenl. on Ev., sec. 313; 1 Chitty on Pl., 190, 191; Angell on Lim., sec. 377; Sedg. & Wait on Trial of Title to Land, sec. 300; Johnson *v.* Tilden, 5 Vt., 426; Doph *v.* Barney, 5 Oregon, 191; Sharon *v.* Davidson, 4 Nev., 416; Hart *v.* Robertson, 21 Cal., 346; Chipman *v.* Hastings, 50 Cal., 310.

On limitation as affecting Mrs. Thompson and Mrs. Jeffus, they cited: Burleson *v.* Burleson, 28 Tex., 417; Cannon *v.* Hemphill, 7 Tex., 184.

That Mrs. Thompson was not entitled to rent, they cited: Pas. Dig. 4641, 4642; Cartwright v. Cartwright, 18 Tex., 634; Ezell v. Dodson, Tex. Law Rev., vol. 2, p. 348.

On misjoinder, they cited: Love v. Keowne, 58 Tex., 200; Clegg v. Varnell, 18 Tex., 301; Story's Eq. Pl., sec. 271.

*Abercrombie & Randolph* and *Denson & Burnett*, for appellees, that the plea in abatement came too late, cited: Ferguson v. Wood, 23 Tex., 177.

On limitation, they cited: Shield v. Boone, 22 Tex., 193; Hughes v. Lane, 35 Tex., 356; Jeffus et ux. v. Allen, 56 Tex., 195; Read v. Allen, 56 Tex., 182; McDow v. Rabb, 56 Tex., 154; Sedg. & Wait on Title to Land, sec. 732.

On misjoinder, they cited: Clegg v. Varnell, 18 Tex., 294; Bartlett v. Boyd, 34 Vt., 256; Trustees, &c., v. Cowen, 4 Paige, 510; Story's Eq. Pl., secs. 271, 541c, 544.

STAYTON, ASSOCIATE JUSTICE.—The plea in abatement was not filed in due order of pleading, and had it been, it does not appear that it was sufficient, if admitted to be true, to abate this action as to Mrs. Jeffus; for it appears that the prior suit, set up as a ground to abate this, did not involve, at the time this action was brought, the same matters.

The second, third, ninth, eighteenth, nineteenth, twentieth, twenty-first, twenty-third, twenty-seventh and twenty-eighth assignments of error, raise the same questions as to the right of the plaintiffs to maintain this action, which were raised and decided adversely to the appellants on the former appeal. Read, et al., v. Allen, et al., 56 Tex., 182.

The issues in this case could not have been adjudicated in the case of Fisher, guardian, even against the plaintiffs, other than Mrs. Thompson and Mrs. Jeffus; for Mrs. Allen was not a party to that action when it was tried. Nor were Mrs. Thompson and Mrs. Jeffus parties to that action. The former decision of these questions must be held decisive of them.

The record in this case presents no facts necessary to a proper decision of those questions, which did not appear on the former appeal; nor does it show facts which would authorize a different decision.

There was some confusion in the evidence for the defendants, as well as that for the plaintiffs, in reference to the name of the original grantee of the land in controversy, and we do not see that the evidence of the witness Duren could have prejudiced the appellants.

We are of the opinion that the deed of Mrs. Spivy, the deed from Becton to her, the deed from Cundiff to Read, and the deed from Daily to Cundiff, were properly admitted in evidence; for, under the evidence, there could be no doubt as to what land was conveyed by them.

The testimony of the witness, Broxon, was received as to the time of the settlement and circumstances of occupation by Calloway, and, if not then made so full on that point as it might have been, this did not result from any fault of the plaintiffs.

It might have been proper to have admitted this evidence, to show that Calloway had applied for and had surveyed a pre-emption claim on the land, but, without something more, it is not probable that this could have affected the claim, under the statute of limitation, in the face of his deed by which he conveyed six hundred and forty acres of the land.

The court did not err in excluding the evidence of the witnesses, Nunn and Williams, offered for the purpose of explaining what was done, or understood to be done, in the case of Fisher, Guardian, v. Read et al.; for the record, in that case, was before the court, and afforded better evidence of what was done in it than would the testimony sought to be introduced.

The charge of the court clearly informed the jury that Mrs. Walker was entitled to one-half of the entire league of land in controversy, as against all the plantiffs, except Mrs. Thompson and Mrs. Jeffus, but, as to them, left the question of title, even as against Mrs. Walker, to be determined by the evidence, clearly informing the jury that these plaintiffs must recover, if at all, upon the strength of their own titles, based on limitation.

This was in accordance with the former decision made in this case. Read v. Allen, 56 Tex., 182.

The certificate of the county clerk, Gillespie, made in 1855, that there was on record, in his office, a deed from the original grantee of the land to Charles Howard, through whom Mrs. Walker claims, for an undivided half of the league, the record having been destroyed, as held in the case of Fisher, Guardian, v. Read, was admissible, in connection with the other evidence, to prove the existence of such a deed.

The court, however, did not err in instructing the jury that they should not consider the recitals in that certificate, for the purpose of establishing the execution, delivery, or contents of that deed.

The defendant, Allen, was shown to be the widow and legatee of Wm. S. Allen, and it was further shown that the original grantee of the land made a deed to a person of that name for the share of the

league which Mrs. Allen claims. The court instructed the jury, in effect, that it would be presumed that the Wm. S. Allen to whom the original grantee conveyed, was the same person through whom Mrs. Allen claimed. There was, however, some evidence, slight though it was, which the court thought made it necessary to submit the question of identity to the jury, and this was done.

Whether the evidence was such as to require this issue to be submitted to the jury is unimportant, in view of the fact that the finding of the jury in favor of the plaintiffs was expressly based on their claim to title by limitation. The charge of the court as to the time when the statutes of limitation ceased to run, as to Mrs. Allen, was that they did not cease until the plaintiffs were dispossessed through the writ of possession that issued under the judgment in favor of Fisher, guardian. This was correct. Read v. Allen, 56 Tex., 182; Stoval v. Carmichael, 52 Tex., 383.

At to Mrs. Walker, the court instructed the jury, that the judgment in favor of her guardian was conclusive of her right against all the plaintiffs, except Mrs. Thompson and Mrs. Jeffus; but as to them, held, that the suit by the guardian of Mrs. Walker, to which the husbands of Mrs. Thompson and Mrs. Jeffus were parties, did not suspend, as to those married women, the running of the statute, because they were not parties to that suit. This, we are of opinion, was error. Burleson v. Burleson, 28 Tex., 417.

The husbands of Mrs. Thompson and Mrs. Jeffus were in possession of the lands claimed by their wives as their separate estates, at the time the suit of Fisher, guardian, was brought against them and others, and while the wives could not by that action be affected in their title or right to possession, yet the possession which their husbands held for them ceased to be, within the meaning of the law, a peaceable possession, as would it had the action been against their tenants in possesion. Read v. Allen, 56 Tex., 180, 194; Read v. Allen, 58 Tex., 382; McKelvain v. Allen, 58 Tex., 388.

If Mrs. Thompson is the owner of the land which she claims in this action, then she is entitled to recover a reasonable rent therefor during the time the same has been in the possession of the defendants; and if, during a part of that time, the land was used by her husband, under an agreement between him and the defendants, it would be proper that the rent for that period should be deducted from the rent which otherwise they ought to pay. It seems that there was a suit pending at the time this cause was tried, in which the defendants were seeking to recover rent from Thompson, the husband, for the land during a part of the time for which Thompson and wife, in this case,

asked and recovered rent. These matters should be adjusted in this case. The rents claimed by Thompson and wife, if the land she claims be found to belong to her, will be community property, but this furnishes no reason why the whole question as to rents should not be adjusted in this cause, for all the necessary parties are before the court. The plaintiff Read claims, in his petition, an undivided one-half of the league, not embraced in the several tracts claimed by his co-plaintiffs, and in two other tracts, and the judgment so stands in his favor; but we find that he sold two tracts of land out of the league to which it is not shown that he re-acquired title. The parties who appear to have title to them, from Read, are not parties to this action, nor are these tracts the same he excludes from his claim in the petition. We are of the opinion that the evidence is such as to authorize the maintenance of this action by Mrs. Arledge.

In view of the disposition that will be made of the case, it is unnecessary to consider the sufficiency of the evidence to support the claims of Mrs. Thompson, Mrs. Jeffus and R. N. Read, under the statutes of limitation. As each of the plaintiffs claim separate parts of the league of land in controversy, the action by them all is irregular, and had objections been made, at proper time, and in proper manner, to the maintenance of this joint action, they should have been sustained; but this was not done, and as this relates to the procedure, and not to the rights of the several parties, the objection cannot be made in this court.

We are further of the opinion that the defendants ought not now, after having so long acquiesced in this course of procedure, to be heard to urge this objection at all. Such a course would now operate to the prejudice of the plaintiffs, and might secure to the defendants advantages which they would not have, had they urged objections to this course of procedure when this action was first brought. As to Mrs. Thompson and her husband, Mrs. Jeffus and her husband, and R. N. Read, the judgment will be reversed, but, as each of the plaintiffs assert title to separate and distinct tracts of land, the judgment as to all the other plaintiffs will be affirmed, and they can take such action in the court below in reference to partition as may be proper.

The costs of the court below, so far incurred, and as may hereafter be incurred in partition, should be adjusted between the plaintiffs in whose favor the judgment is affirmed and the defendants, as should the cost of this appeal be adjusted between all parties to the action in accordance with their several interests in the subject of litigation, and the disposition of the case which will here be made. This can best be done ultimately in the district court.

Syllabus.

The costs incurred in this court by the plaintiffs in whose favor the judgment is affirmed, will be adjudged against the defendants, who will recover all other costs in this court incurred, against the plaintiffs as to whom the judgment is reversed.

The judgment of the court below is affirimed in favor of all the plaintiffs, except R. N. Read, George M. Thompson, Margaret F. Thompson, Caleb Jeffus and Nancy Jeffus, as to whom the judgment is reversed and the cause remanded. It is so ordered.

AFFIRMED AS TO ALL PLAINTIFFS, EXCEPT R. N. READ, GEORGE M. THOMPSON, MARGARET F. THOMPSON, CALEB JEFFUS AND NANCY JEFFUS, AS TO THEM REVERSED AND REMANDED.

[Opinion delivered March 23, 1886.]