BISHOP et al. v. GESTEAN et al.[†]

(Court of Civil Appeals of Texas. April 12, 1911. On Motion for Rehearing, May 10, 1911.)

1. JUDGMENT (§ 736*)—RES JUDICATA—MATTERS NOT IN ISSUE.

Under Rev. St. 1895, art. 1200, authorizing a husband to sue either alone or jointly with his wife for her separate property, a husband suing alone for his wife's separate property must set up her claim thereto, and a judgment against him, in a suit where he claimed the property as his own, based on title by limitations, is not binding on the wife claiming through a deed.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1264; Dec. Dig. § 736.*]

2. JUDGMENT (§ 693*)—RES JUDICATA—JUDGMENT AGAINST HUSBAND—SEPARATE PROPERTY OF WIFE.

Where a husband and wife had been in possession of inclosed land for 14 years, and the husband conveyed the same to her by warranty deed, the property became her separate estate, so that a judgment against the husband alone, claiming the property as his own, was not binding on her.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 693.*]

On Motion for Rehearing.

3. HUSBAND AND WIFE (§ 47*)—TITLE OF WIFE.

A warranty deed by a husband, having a possessory right, of all his rights to his wife, gives to her as her separate estate all his rights, and, though he continues to control the property, she cannot be disturbed in her possession except by one showing title in himself in a proceeding to which she is a party directly, as through the presence of her husband in a suit asserting her right.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 232–241; Dec. Dig. § 47.*]

Error from District Court, El Paso County; A. M. Walthall, Judge.

Action by Annie Gestean and another

against Clark Bishop and others. There was a judgment for plaintiffs, and defendants bring error. Affirmed.

F. G. Morris, for plaintiffs in error. Patterson, Buckler & Woodson and W. B. Brack, for defendants in error.

FLY, J. Annie Gestean, joined pro forma by her husband, Daniel A. Gestean, applied for a writ of injunction to restrain Clark Bishop, Sarah H. Hartman and her husband, Edward S. Hartman, Mary Murray and her husband, George Murray, Malisa Baldwin and her husband, Benjamin B. Baldwin, M. W. Stanton and F. J. Hall, sheriff of El Paso county, Tex., from disturbing her in the possession, ownership, and enjoyment of certain land, by the execution of a writ of possession in favor of the parties sued, except the sheriff. A temporary writ was granted. Plaintiffs in error answered by general and special exceptions and specially denying that the property was the separate estate of Annie Gestean, as claimed by her, and pleaded a judgment against her husband, Daniel A. Gestean, who intervened in the suit out of which the writ of possession was issued, and claimed the title and possession of the land, and that judgment was rendered against him, which was an adjudication of all the right, title, and interest of Annie Gestean in favor of plaintiffs in error. After hearing the evidence, the temporary writ of injunction was perpetuated by the court, with the proviso that the judgment should be without prejudice to any suit that might be brought to recover the title or possession of any part of the property.

The facts are that in a suit in which the plaintiffs in error were plaintiffs and W. H. Winn and R. H. Thorne were defendants, which was an action of trepass to try title to the property claimed by Annie Gestean, her husband, Daniel A. Gestean, intervened, claiming to be the owner and in possession of one-half of a certain block, being the property involved herein. Judgment was rendered in favor of plaintiffs in error for the land as against Winn, Thorne, and Daniel A. Gestean. Annie Gestean was not a party to that suit and was not affected by the judgment unless the judgment against her husband settled any and all rights she may have to the land.

Annie Gestean swore that she and her husband lived on the property in controversy, being one-half of block 12 in what is known as East El Paso town site, and had been living there for many years. A deed of date March 16, 1907, from Daniel A. Gestean to Annie Gestean, which was filed for record on March 18, 1907, conveying the land in controversy to her, was introduced in evidence. The deed from the husband to the wife showed prima facie that the property was the separate estate of the wife, and the judgment would not bind her unless her husband intervened in the suit and set up her claim to the land.

[1] The statute (article 1200, Rev. St.) authorized the husband to sue either alone or jointly with his wife for the recovery of any separate property of the wife; but when he sues alone he must sue for the wife, which he could not do except by setting up her claim, not his, to the property. A person cannot be bound by the judgment in a suit unless he or she be actually or constructively a party thereto, and it could not be said that Annie Gestean was actually or constructively a party to a suit instituted by her husband in his own name and for his own benefit, and without any reference to his wife's rights to or claim against the land. The husband in his plea of intervention did not sue for the property as belonging to his wife, Annie Gestean, but claimed the land as his own and prayed that the "claims be declared a cloud upon intervener's title, and that he have judgment quieting his title and possession to the same." He set out his title as one by limitation, while his wife claimed through a deed. We have been able to discover very little authority on the subject; but the case of Overand v. Menczer, 83 Tex. 122, 18 S. W. 301, seems to be in point. In that case it was sought to bind Mrs. Overand's separate property by a judgment in a suit brought by her husband in his own name, and the court said: "It is true, as contended by appellees, that a husband can sue alone to recover the separate property of his wife. * * * This doctrine, however, does not authorize us to assume that a suit brought by the husband is to recover the separate property of the wife when it does not even purport to have been instituted for that purpose."

If Daniel A. Gestean had, under and by virtue of his intervention, sought to introduce the deed made by him to his wife, it could have been excluded as incompetent and improper to prove his claim to the land, and if it had been admitted it would have defeated his claim.

[2] The question of title was not involved in this suit, except in so far as it touched upon the matter of possession; and when Annie Gestean proved that she and her husband had been in possession of the land for 14 years and had it inclosed, and that, prior to the time that the judgment had been obtained against her husband and before his intervention in the suit, Daniel A. Gestean had conveyed the land to her by his warranty deed, this impressed the character of separate estate upon the property, and, not being a party to the suit actually or constructively, the judgment against her husband did not bind her.

The judgment is affirmed.

### On Motion for Rehearing.

[3] The warranty deed from Gestean to his wife conveyed to her whatever right he had to the land. He undoubtedly had a possessory right, and, when he conveyed the land to his wife, all the rights he had there-

in became her separate property, and as such separate property was not in any manner affected by the judgment in a case in which she was not a party, and in which her husband had intervened in his own behalf and not as her representative.

Having obtained the possessory right to the land. Annie Gestean could not be disturbed in her possession of the land, except by some one showing title in himself, in a proceeding to which she was a party directly, as through the presence of her husband in the suit asserting her right. The deed placed the possession of the land in Annie Gestean, and she has the right to retain possession of the land, until dispossessed by some one who has established a perfect title to the land.

There can be no doubt that the deed of Daniel A. Gestean conveyed all of his right, title, and interest in the land to Annie Gestean. Higgins v. Johnson, 20 Tex. 389, 70 Am. Dec. 394; Story v. Marshall, 24 Tex. 306, 76 Am. Dec. 106; Brown v. Brown, 61 Tex. 56. The deed made the property hers, and the fact that he, as her husband, had the management and control of her property, would not affect her rights in the property, whatever they might be. As said in Richardson v. Hutchins, 68 Tex. 81, 3 S. W. 276: "In transactions between husband and wife, when this is made clearly to appear, the contract is held to be consummated, though the paper which evidences the right of the wife was never actually delivered to her or to any third person for her, or though the thing donated has remained in the possession of the husband." Annie Gestean showed that she had the right to the possession of the land, and her possession could not be disturbed by a writ directed against her husband, even though he was in possession of the property on account of being her husband. Her possession was established before the judgment was rendered against her husband, and he had no possession that could be disturbed because he had no possession in his own right, but only as the agent or trustee of his wife. It would seem to be a preposterous proposition that a wife could be ousted of the possession of her separate property by a writ against her husband, in a suit to which she was not a party, simply because he is given the control and management of her property.

It is said in Read v. Allen, 56 Tex. 182: "No case has been cited or has come under our observation (and it is believed that no well-considered one can be found) which makes a judgment against the husband alone, and to which the wife was not otherwise a party, sufficient to divest her title to her separate property." And yet this is exactly what was attempted in this case. It has been held that the possession of the wife of her separate property would be so affected by a judgment against the husband as to interrupt the running of the statute of limitation (Burleson v. Burleson, 28 Tex. 383); but such judgment would not affect her title, or right to possession (Allen v. Read, 66 Tex. 13, 17 S. W. 115).

Article 1200, Revised Statutes, clothes the husband with authority to sue either alone or jointly with his wife for the recovery of separate property of the wife; but, clearly, when he sues in his own name, he must set up the claim of the wife in order to bind her by a judgment. If he sues for her property in his name alone, he must by allegation disclose that he is suing for his wife's property and not his own. This is clearly and unequivocally decided, under similar facts, in the case of Overand v. Menczer, 83 Tex. 122, 18 S. W. 301, hereinbefore cited. The decision in that case has never been questioned in this state.

The motion for rehearing is overruled.