## WENDE v. GOZA et al.
### No. 8356.

Court of Civil Appeals of Texas. San Antonio.
Feb. 19, 1930.

A. B. Crane, of Raymondville, for appellant.

Decker & Wilson, of Raymondville, for appellees.

SMITH, J.

It appears that appellant, John Wende, rented his 260-acre farm in Willacy county to one N. E. Goza for the crop year 1928–29, upon a written contract not set out in this record. It is inferable, however, that as part of the rental Wende was to receive one-fourth of the cotton raised by Goza. It appears that "cucumbers, truck and so on" were also grown upon the rented premises, and were seized at the instance of appellant upon a distress warrant. At the beginning of the rental period, Wende sold Goza certain teams, tools, and supplies to be used by the latter in making his crops, and took a chattel mortgage thereon to secure the payment of Goza's note in the sum of $750, payable one-half on August 1, 1929, and one-half on August 1, 1930. The note also provided for acceleration of its maturity, at the option of the holder, but it does not affirmatively appear that this option was exer-

cised, although it may be inferred from the fact that judgment was sought upon the whole note in a supplemental petition.

On August 8, 1929, Wende brought this action against Goza to recover upon said note and for rents, and to foreclose the distress, chattel mortgage and landlord's liens upon said crops, as well as upon the personal property covered by the chattel mortgage; and against one Hubert Sharp, who, it was alleged, had purchased "¾ of 7 bales of cotton" grown by Goza on the rented premises, and was therefore guilty of having converted said cotton, of the value of $523.44.

Goza defaulted and made no answer to the suit, but Sharp, having previously answered to the merits, filed an amended answer, including what he denominated a plea in abatement, in which he prayed that the suit be abated and dismissed as to him. This plea was sustained by the trial judge, and, Wende "failing to amend," the suit was thereupon dismissed as to Sharp, but proceeded to judgment as against Goza. Wende prosecuted this appeal only from the judgment dismissing Sharp.

In his first and second assignment of error appellant asserts that the plea in abatement should have been overruled because not filed in due order of pleading; it appearing from the record that this plea was not interposed until after appellee had answered to the merits in his original answer, previously filed. This objection to the plea—if it is treated as a plea in abatement—would have been good had appellant urged it before the plea was finally disposed of in the trial court, which was not done. On the contrary, appellant stood by and permitted it to be disposed of upon its merits without reference to, or complaint of, the time of its filing. By this conduct he waived his right to urge that objection, which he could not afterwards raise. 1 Tex. Jur. §§ 114, 115, 116, p. 157 et seq.

The appeal must be determined from the condition of the case at the time appellee's plea in abatement, or demurrer, was sustained and appellee was dismissed. At that time appellant's original and first and second supplemental petitions were before the court. The question is, then, Did those pleadings state a cause of action against appellee?

When all the allegations against Sharp are pieced together, they amount to no more than a charge against him that he converted cotton, of the value of $523.44, upon which appellant had the landlord's lien. Paralleling this charge are allegations that appellant had seized part of Goza's crops under a distress warrant, and had collected part of the debt secured by his liens, but the amount he had realized, or might realize, out of the seizure and collections, or out of the personal property secured by chattel mortgage, was not shown in the pleadings, nor was the value of the crops stated or estimated. Specifically, it was not alleged that appellant would not or could not realize out of his security all that was or would be owing to him in the transaction. In short, although appellant alleged, most generally, but perhaps efficiently, in the absence of special exceptions, that Sharp had converted part of appellant's security to his own use, he failed to go further, as he was required to do, and show that he was damaged by the conversion. Appellant insists that, as his securities had not been liquidated at the time the suit was brought or tried, it was impossible for him to allege those essentials, and that appellee should have been retained in the case until these contingencies became certainties, and the true status of the parties could be ascertained. By this process, however, appellant merely argues himself into the attitude of having commenced his suit prematurely, and at a time when it was not known, and could not be shown, that he had been damaged, or that appellee was liable to him in any sum; in other words, appellant's pleadings were subject to a general demurrer.

The so-called plea in abatement was more in the nature of a demurrer than such plea. It had all the elements of a demurrer, and none of those of a technical plea in abatement except the label put upon it by appellee. Appellant insists that it was merely a demurrer, and treats it as such, and appellee evinces no pride in its label. The trial judge treated it as a plea in abatement, called it such, sustained it accordingly, and yet upheld it only after reciting that appellee "failed to amend" his pleadings, thereby coloring it with the quality of a general demurrer. It was, in effect, a general demurrer, and appellant's petition could not survive the test of its searching force. And so, when appellant "failed to amend," as recited in the judgment, the trial judge properly dismissed appellee from the case.

After appellee's dismissal, appellant proceeded to judgment with his case against Goza, and no appeal has been prosecuted from that judgment. Appellee is not concerned with the proceedings following his dismissal, and is in nowise bound by the resulting judgment. Nor is appellant cut off, by those proceedings or that judgment, from any cause of action he had or may have against appellee, for conversion or otherwise.

The judgment is affirmed.