JEFFREYS v. McGLAMERY et al.

No. 4627.

Court of Civil Appeals of Texas. Amarillo.

July 3, 1936.

Rehearing Denied Sept. 7, 1936.

Lockhart &, Brown, of Lubbock, for appellants.

G. G. Hazel, of Kilgore, for appellees.

HALL, Chief Justice.

W. G. McGlamery sued J. M. Welch and wife, Neva Welch, J. E. Dryden, and L. P. Jeffreys, alleging that Welch and wife had executed their note for $2,800 on January 20, 1930, to the Southwestern Life Insurance Company, securing the same with a deed of trust upon the southeast one-fourth of section No. 11, block A, in Lamb county; that thereafter, on January 10, 1933, he paid to the Southwestern Life Insurance Company $548, of which amount $313.16 was for past-due interest on the original note, and the balance of $234 was in payment of delinquent taxes against the property which had theretofore been paid by the life insurance company. He secured from the life insurance company an assignment of said indebtedness to the extent of $548, with the lien securing same. That the amount so assigned to him is past-due and unpaid, together with interest thereon at the rate of 6½ per cent. per annum

from January 10, 1933, with 10 per cent. additional on the amount of principal and interest then due as attorney's fees; that the record title to such property had been acquired by J. E. Dryden; that the defendant Jeffreys is claiming some interest in the land; that his lien by reason of the assignment from the life insurance company was superior to the claim or interest of any party to the suit; that Welch and wife are nonresidents of the state of Texas, and are insolvent, and their exact whereabouts are unknown to him; and he prayed for judgment against all of the defendants, jointly and severally, for his debt, interest, attorney's fees, and costs, and for foreclosure of his lien as against all defendants.

Welch and wife were never served with citation, never entered their appearance, and were dismissed from the suit before proceeding to trial.

The defendant Dryden filed a disclaimer.

Jeffreys answered by general demurrer, general denial, and by way of special answer alleged in substance as follows: That in another and different cause, numbered 6056 upon the docket of the district court of Lubbock county, styled L. P. Jeffreys v. Roy Irick et al., plaintiff McGlamery intervened and set up in said suit against this defendant the same cause of action he here declares upon; that said first suit was between Jeffreys, as plaintiff, and Roy Irick and wife, J. E. Dryden, and R. D. Bryant, as defendants; that after McGlamery intervened said suit was called for trial at a regular term of the Seventy-Second district court, and all parties, including the intervener, announced ready for trial; that the pleadings were read, evidence offered by plaintiff, defendants, and the intervener, and the intervener requested the court to peremptorily instruct the jury in his favor, which instruction was by the court overruled, and thereafter, and before the court had charged the jury in said cause, the said W. G. McGlamery, as intervener, took a nonsuit; that said trial resulted in a judgment against Irick and wife, Dryden, and Bryant, for foreclosure of plaintiff's lien against the land and premises involved in the suit.

That thereafter an order of sale was issued, and the sheriff of Lamb county duly advertised the said land for sale, and on the 5th day of February, 1935,

it was sold in front of the courthouse door, at which sale this defendant became the purchaser.

This defendant further represents and shows to the court that while 'said first suit was pending, the intervener, Mc-Glamery, the plaintiff in this case, came to be the owner of interest notes, claims, and demands that he is now seeking to foreclose on in this suit, but that in truth and in fact the said intervener in said suit only held said claims and demands in trust for the said J. E. Dryden, who furnished the money to purchase the same; that in doing so, he was only acting at the instance and request of Dryden, and was holding said claims and demands in trust for him; that the judgment rendered in said cause No. 5056 determined that plaintiff's lien was superior to any lien, claim, right, title, or interest owned or held by the said J. E. Dryden, or any claim or interest he is entitled to, and that by reason of the recitals in said judgment, the defendant's right, title, and interest are superior to the liens and claims asserted by the plaintiff herein; that all of the matters and things set up in this cause of action were fully litigated and determined by the judgment rendered in the former suit; that the plaintiff in this cause, McGlamery, was a party to said suit in the district court of Lubbock county, and had a right to have all of the matters and things herein complained of litigated in said suit, and the defendant specially pleads the judgment rendered in said cause as a complete bar to any right of recovery by the said McGlamery or the defendant Dryden.

There was a trial to the court without the intervention of a jury, and resulted in a judgment dismissing Welch and wife from the suit, and in favor of McGlamery and against Dryden and Jeffreys, establishing the debt in the sum of $697.34, further foreclosing the lien as against both defendants upon the land described in the petition, and ordering the same sold in satisfaction of the judgment, directing that any surplus be paid to Jeffreys.

In addition to the facts hereinbefore stated, we make the following statement: After the note for $2,800 had been executed by Welch and wife to the life insurance company, and at the same time executed a deed of trust to secure said note, payable January 1, 1940, on January 4, 1932, Roy Irick and wife executed to Jeffreys a deed of trust upon the land involved herein to secure the latter against liability for the payment of certain liens on other lands which Jeffreys had acquired from Irick, in the amount of $1,500. Jeffreys paid this $1,500. Dryden purchased the land under a federal court judgment for $100. The party to said suit is not shown, but he purchased subject to all outstanding liens. Title to the land was taken in the name of Dryden. Dryden then advanced to McGlamery the sum of $548, and they both went to Dallas and procured an assignment from the life insurance company of the $548, consisting of unpaid interest and taxes as hereinabove stated, which had been advanced by the life insurance company.

To sustain the plea of res judicata, the following record testimony was introduced, showing the pleadings, judgment, etc., in cause No. 6056 on the docket of the district court of Lubbock county: The original petition of Jeffreys, complaining of Irick and wife, and J. E. Dryden and R. D. Bryant, a tenant upon the land, alleging in substance that on or about the 4th day of January, 1932, the Iricks sold and conveyed to plaintiff the surveys of land in Hale county numbered 12, 13, 18, and 19 of the subdivision of Sabine county school lands; that at said time the Iricks were indebted to the United States government on account of income tax, for which a judgment had been obtained by the government and lien duly recorded thus encumbering the title to said land so conveyed by the Iricks to plaintiff Jeffreys; that in order to indemnify Jeffreys as against the government's judgment and lien, Irick and wife executed to plaintiff a deed of trust, conveying the southeast one-fourth of section 11, block A, L. & S. B. Ry. Co. survey, located in Lamb county, to G. R. Crim, as trustee, to secure Jeffreys against any loss which might result from the enforcement of the judgment in favor of the United States government, which was conveyed to plaintiff at that time. It is stipulated in the deed of trust that if Jeffreys has to pay off said judgment, or any part thereof, then the Iricks would become personally liable and would be indebted to him to the extent of the amount paid in satisfaction of said judgment, and that the amount so paid should at once become due and payable, with interest at the rate of 10

per cent. together with attorney's fees. Jeffreys alleged that he paid $1,500 to the United States government in order to protect his title to the land theretofore conveyed to him by the Iricks, and that by virtue of the execution and delivery of the deed of trust, and its provisions, the Iricks were bound and promised to pay him the sum of $1,500, together with $150 attorney's fees. It is further alleged that defendants Dryden and Bryant are claiming some right, title, or interest in and to the lands above described, but that such claim or interest, if any they may have, is subordinate to his claim. He prayed for judgment against the Iricks for his debt in the sum of $1,500, interest, and attorney's fees, and a foreclosure of his lien upon all of the above-described land, and for a sale of the premises to satisfy said judgment.

Dryden answered, and McGlamery filed a plea of intervention, alleging that on the 20th day of January, 1930, the record owners of the land in Lamb county executed and delivered to T. W. Vadell a deed of trust, duly recorded in Lamb county, securing the payment of a certain promissory note in the principal sum of $2,800, executed by J. M. Welch and wife, payable to the order of the Southwestern Life Insurance Company; that said deed of trust was duly filed and recorded in the proper records of Lamb county; that on the 10th day of January, 1933, this intervener, W. G. McGlamery, paid on said note to the Southwestern Life Insurance Company the sum of $548, of which amount $313.16 was payment of past-due interest, and the balance was in payment of delinquent taxes. He alleged the assignment by the Southwestern Life Insurance Company of the delinquent tax and past-due interest claims. He alleged that he is entitled to be subrogated to the lien held by the insurance company, and should be subrogated to the rights of said company, and is further entitled to the lien for unpaid taxes. The prayer is for judgment for his debt against each of the parties to the suit, for foreclosure of his liens upon the land in Lamb county; that the same be decreed to be sold, and that this judgment have priority of payment over any judgment rendered in favor of Jeffreys; and for general and special relief.

The judgment recites: "That before this cause was submitted to the jury, and before the jury had returned its verdict, the intervener, W. G. McGlamery, in open court, by his attorney, requested the court to permit him to withdraw from said cause, which request was by the court granted." And the judgment dismisses McGlamery.

■ But for the fact that McGlamery withdrew as a party to the action prior to the rendition of the judgment, the plea of res judicata would have been a bar to his further proceeding in this suit, but having been dismissed from that case, and, with permission of the court, having withdrawn his plea as an intervener prior to the rendition of the judgment, this evidence is insufficient to sustain the plea of res judicata. Allen v. Read, 66 Tex. 13, 17 S.W. 115; Read v. Allen, 56 Tex. 182; Denny v. White House Lumber Co. (Tex.Com.App.) 54 S.W.(2d) 86; Id. (Tex.Civ.App.) 40 S.W.(2d) 250; Wende v. Goza (Tex.Civ.App.) 25 S.W. (2d) 184.

■ The contention is further made, however, by appellant that McGlamery is barred by the judgment rendered in the former suit, notwithstanding the fact that he took a nonsuit before the judgment was rendered, by reason of the fact that he was in partnership with Dryden, or was in privity with Dryden, in the transaction through which he acquired the claim from the Southwestern Life Insurance Company.

Dryden and McGlamery were the only two witnesses who testified upon the issue of the relation existing between them with reference to the purchase of the claim from the insurance company. Their testimony is, to some extent, conflicting, and both witnesses seem to be confused, and it is difficult to conclude from the evidence exactly what relation existed between them. We think, in the present state of the record, by a preponderance of the evidence it was shown that the indebtedness sued upon was bought by McGlamery and transferred to him, but that Dryden was to pay the consideration for it, and, considered as a whole, the evidence shows that that relation of debtor and creditor existed between them.

When the assignment executed by the insurance company to McGlamery was offered, the appellant made the following objection: "Defendant objects to the recitation in this instrument as to past due interest or delinquent taxes for the reason that said recital in this instrument

is purely ex parte, and is not binding on this defendant, and that it is not the proper way or manner to prove that there was any past due interest or to prove that there was any delinquent taxes, and is not binding on this defendant."

Sidney Hopping, deputy tax collector of Lamb county, testified as to the amount of the delinquent taxes, and that the insurance company had paid them, and gave the date of payment. The evidence is clear as to the amount of unpaid interest.

■ The contention is that there was no proper proof offered showing the payment of overdue interest and taxes. We think the oral testimony is sufficient to show the payment of both items. A receipt is not always the best evidence of payment. McAlpin v. Ziller, 17 Tex. 508; Federal Life Ins. Co. v. Sweeney (Tex. Civ.App.) 18 S.W.(2d) 702.

■ The judgment is erroneous in that it adds attorney's fees to the extent of 10 per cent. upon the amount of taxes paid when there is no provision in the deed of trust which authorizes the collection of attorney's fees. Plaintiff was not entitled to recover this 10 per cent. as attorney's fees, and if a remittitur is made of said sum within the next twenty days the judgment will be affirmed; otherwise, it will be reversed and remanded.