R. N. READ ET AL. v. M. A. R. ALLEN ET AL.

(Case No. 1270.)

1. RES ADJUDICATA.— A final judgment was rendered in the supreme court, affirming the judgment of the district court, which was for the recovery of an entire survey of land, to which the plaintiff who recovered, in her original petition, alleged title to but a one-half interest.  The original petition which disclosed the interest of

plaintiff in the former suit was not incorporated in the record, but a first original petition was inserted. *Held,*

(1) That the former judgment must be regarded as *res adjudicata* with reference to rights asserted by parties defending in the former suit, who claimed a half interest in the survey.

(2) In a proceeding to revise and set aside the former judgment, the facts stated in the petition (which will be found in the statement of the case) were not sufficient to entitle plaintiff to relief.

2. ESTOPPEL.— The recovery of a judgment for title and possession of land by one of two joint owners in his own name, does not estop the defendant in a subsequent suit from contesting against the joint owner, who was not a party to the former suit, the title or possession of an undivided half of the land.

3. JUDGMENT — HUSBAND AND WIFE.— A judgment rendered against the husband for property claimed as the separate property of the wife, in a proceeding against the husband to which the wife was not made an actual party, is not binding on the wife.

APPEAL from Houston. Tried below before the Hon. W. D. Wood.

R. N. Read *et al.* brought this suit in Houston county on August 26, 1880, against appellees Mrs. Walker and Mrs. Allen, for an undivided half interest in the Aughenbaugh league of land situated in that county, and to revise, limit or set aside in part a judgment for the league recovered in November, 1878, by appellees Walker and wife alone, against appellants (except Mrs. Thompson and Mrs. Jeffus, who were not parties), each appellant asserting claim to separate portions of the league described by metes and bounds. Appellants Mrs. Thompson and Mrs. Jeffus sued for the whole of two tracts of two hundred and fifty and one hundred and seventy-four and a half acres claimed by them respectively; the other appellants for an undivided one-half interest in the land. Appellees Walker and Allen, on September 22, 1880, answered by general demurrer, and assigned special exceptions as follows: 1st, that the petition showed that the matters set up therein were *res judicata* between the parties; 2d, that the petition sought to review a judgment of the district

court and supreme court, without stating sufficient grounds for such a review; 3d, that the petition showed that plaintiffs based their claim on limitation; that none of the periods of limitation had expired against either of defendants, and that the claim of limitation had been adjudicated; and 4th, that the plaintiffs Mrs. Thompson and Mrs. Jeffus are estopped by the suit and judgment against their husbands.

At the trial, September 23, 1880, the exceptions of Walker and Allen were sustained by the court, and final judgment rendered against all the appellants, Read *et al.* Appellants excepted to the action of the court, and gave due notice of appeal.

The petition alleged that two of the plaintiffs, Mrs. Thompson and Mrs. Jeffus, were the legal and equitable owners of the two tracts claimed by them respectively, part of the Aughenbaugh league situated in Houston county, and that the other plaintiffs were the legal and equitable owners of an undivided half interest in the balance of the league, and the tract claimed by each plaintiff was described by metes and bounds; that the defendants had wrongfully ousted plaintiffs, and had taken possession of the land sued for by virtue of a writ of possession issued out of the district court of said county on a judgment rendered therein in November, 1878, and affirmed by the supreme court in March, 1880, in a suit which had been instituted on the 12th day of March, 1873, by Anna Perry, a minor, by her guardian, Samuel W. Fisher, against appellants Read *et al.* (except Mrs. Thompson and Mrs. Jeffus), for an undivided half interest in the said league; that the original petition of said plaintiff was in the ordinary form of an action of trespass to try title, and did not in any manner assert the right of defendant Allen or any other person as joint owner; that in September, 1873, said minor married L. D. Walker, and thereafter the suit was prosecuted by them; that on November 7,

1878, Walker and wife, by their first amended original petition filed that day, for the first time asserted that defendant Allen was the owner of the other half, and prayed that said Allen be made a party; that on the same day, and by the attorneys of Walker and wife, a plea or petition was filed for defendant Allen, asking that she be made a party plaintiff, and asserting claim as joint owner with Walker and wife, which interest she claimed as surviving widow and heir of one W. S. Allen; that said amended petition and plea were filed on the evening before the cause was called for trial, and constituted the first notice plaintiff ever had of the claim of defendant Allen; that on the morning of the next day, November 8, 1878, the cause was called for trial, and the defendants (appellants) Read *et al.* filed an application for a continuance on the grounds, among others, of surprise by reason of the filing of said plea and amended petition, and because of the absence of material witnesses by whom they could establish their title to said land by limitation; that the court ruled that unless said Allen should withdraw her said plea the cause would be continued on said application; whereupon the said plea was by her said attorneys, also the attorneys for the plaintiffs, withdrawn in open court, and the cause proceeded to trial with Walker and wife as sole plaintiffs, and resulted in a verdict for plaintiffs, the jury also finding that the claim of defendants for improvements offsetted all damages; that judgment was rendered for Walker and wife for said league and costs of suit, the judgment reciting that plaintiffs sued as joint owners with defendant Allen; but afterwards the judgment was amended by the court so as to omit said recital, whereby it was shown that the alleged title of said Allen was not litigated in said suit; that defendants appealed from said judgment, but the same was affirmed by the supreme court in March, 1880; that in the transcript of the record filed in the supreme court on said appeal the original pe-

tition was omitted, and in lieu thereof was copied plaintiffs' said first amended original petition, as required by the rules of the supreme court; that on the trial of the suit no issue was involved or submitted to the court or jury in reference to said Allen's alleged title or interest in said land; that no proof was made or offered as to such title or interest, or of the death of said W. S. Allen, or heirship of defendant Mrs. Allen; that the evidence adduced on the trial was wholly with reference to the title of Walker and wife to an undivided half of said league, and the defenses set up thereto being pleas of not guilty, purchasers and possessors in good faith, and limitation of three, five and ten years; that defendants in said suit did not offer any evidence of their titles as against defendant Allen, as her claim had been expressly ruled out by the court and withdrawn in open court; and defendants believed and so were advised by their counsel that such evidence would not be admissible because of said ruling and withdrawal; that said Allen's deceased husband never in fact owned the land or any part of it; that it was pretended by her that said W. S. Allen acquired a half interest in the league in 1835 by purchase from J. J. Aughenbaugh, the original grantee, but in fact said W. S. Allen was a non-resident alien, and was never a resident of Texas, or of Coahuila and Texas, or of the republic of Mexico; that no deed to said Allen was ever recorded in Houston county; that said Allen and no one for him ever took possession of the land, or paid any taxes thereon; that Walker and wife do not now claim and have never claimed but an undivided half interest in said league; that under said writ of possession Walker and wife were placed in possession of said league, and they have admitted defendant Allen in possession as joint owner with them, each asserting and holding an undivided half interest in the same; that appellants are innocent purchasers of said land for valuable considerations paid, and without

notice of any adverse title or claim, and they set up the statute of limitations and peaceable and adverse possession of three, five and ten years before November 8, 1878, as against defendant Allen, pleading under the statute fully; that at the institution of said suit said Anna Perry was a minor and no limitation ran against her, and defendants could not successfully maintain limitation against her, but defendant Allen was under no disability whatever; that under the ruling of the court, and the act of said Allen and of the attorneys of herself and Walker and wife, whereby said Allen's plea was expressly withdrawn, the defendants offered no proof as against her, as her title was not in issue after said withdrawal; that if said title was in issue, or the right of Walker and wife to the whole of the league, the same was a surprise to defendants occasioned by said ruling and withdrawal, and defendant acted and relied on same as withdrawing from issue everything but the right of Walker and wife to an undivided half interest in said league; that after said Allen's plea was withdrawn, it was the understanding of defendants and their attorneys that the trial would proceed with the issue whether Walker and wife were to be entitled to recover an undivided half interest, and not the title or possession of the whole, which understanding was induced by said withdrawal, and acted and relied on by defendants in the trial of said cause.

The petition had annexed as exhibits copies of the original petition, amended petition, plea of Mrs. Allen, the judgment of the court, and order amending the judgment.

The petition also alleged that the two tracts claimed respectively by Mrs. Thompson and Mrs. Jeffus as their separate property were conveyed to them by deeds of gift from their parents long before the institution of said suit; and at the institution of the suit they were in the actual possession of those tracts, claiming under deeds of

gift which were then duly recorded, all of which was known to defendants Walker & Allen at the time of the institution of said suit; yet neither Mrs. Thompson or Mrs. Jeffus was ever made a party to said suit or had any legal notice of the same; that they had been dispossessed under said judgment and writ of possession. Mrs. Thompson and Mrs. Jeffus set up their titles fully in the petitions, and prayed for judgment for the whole of the land claimed by them; and the other appellants prayed that said judgment be limited or set aside in part and for judgment for an undivided half of the tracts claimed by them respectively, and for partition as between them and Walker and wife, also for costs, and they prayed for general relief.

The first special exception of defendants was that the petition showed that the matter set up was *res judicata*. Exceptions sustained and final judgment for defendants for costs, and that plaintiffs take nothing by their suit, etc.

*Abercrombie & Randolph* and *J. R. Burnett*, for appellants.

*Nunn & Williams*, for appellees

I. To determine whether the matter involved is within the rule of *res judicata*, if the former judgment be one in a court of record, where the issues are made by written pleading, the court will look to the judgment and to the pleadings, and if the same appear therefrom to have been put in issue and decided upon the merits of the case, the court will therefrom pronounce it *res judicata*. Weathered *v.* Mayes, 4 Tex., 588; Roberts *v.* Johnson, 48 Tex., 136; Read *et al. v.* Fisher, Galveston term, 1880; Carmichael *v.* Stovall, 52 Tex., 383; Adams *v.* George, 25 Tex. Sup., 377; Pyron *v.* Grider, 25 Tex. Sup., 161, 162; Cist *et al. v.* Zeigler, 16 S. & R., 285; Mitchell *v.* Sanford,

11 Ala., 695; Mann *v.* Rogers, 35 Cal., 319; Aurora City *v.* West, 7 Wall., 82; Doak *v.* Wiswell, 33 Me., 355; Gates *v.* Preston, 41 N. Y., 113; Baker *v.* Cleveland, 19 Mich., 230; Bellinger *v.* Crague, 31 Barb., 537; Herman on Estoppel, secs. 16, 30; Taylor's Evidence, sec. 1513.

II. A tenant in common, suing for land, has the right to recover for himself and his co-tenants; and where he, in a case prior to the adoption of the Revised Code, 1st September, 1879, brought suit on his title for any undivided interest, it was not necessary for him to allege the name of his co-tenant, or the fact that he had one. And if he sued for the possession of the whole land, it was a suit inuring to the benefit of his co-tenant, because of the right of joint possession to them existing, and thereby necessarily asserted, and the recovery will be according to the right at the beginning of suit. Croft *v.* Rains, 10 Tex., 520; Watrous *v.* McGrew, 16 Tex., 506; Grassmeyer *v.* Beeson, 18 Tex., 754; Carmichael *v.* Stovall, 52 Tex., 383; Read *et al. v.* Fisher *et al.*, Galveston term, 1880; Hardy *v.* Johnson, 1 Wall. (U. S.), 371; Cook *v.* Allen, 2 Mass., 462; 2 Chit. Pl., p. 885; Tyler on Eject., 484, 764; Co. Litt., 292, 312; Smales *v.* Dale, 1 Hobart, 120; Marshall *v.* Shafter, 32 Cal., 176; Trouchard *v.* Crowe, 20 Cal., 162; Starke *v.* Barnett, 15 Cal., 371; Salmon *v.* Simons, 24 Cal., 260; Payne *v.* Tredwell, 16 Cal., 220; Smith *v.* Starkweather, 5 Day, 210; Burke *v.* Bradley 4 Day, 302.

III. The husband by law has the possession, and is the agent of the wife with respect to all her separate estate; and in a suit against him for the title, or possession of the property, he having the possession of the same, is conclusively against the wife, except the decree be impeached for fraud of the husband, and collusion between the husband and the plaintiff in the suit, and it would not be necessary to join the wife in the suit. Campbell *v.* Hemphill, 7 Tex., 200; Pasch. Dig., arts. 4621–4636;

Burleson *v.* Burleson, 28 Tex., 385–417; Herman on Estoppel, sec. 59, p. 56.

BONNER, ASSOCIATE JUSTICE.— Appellants Read *et al.*, who were the plaintiffs below in the suit, assign as error the judgment of the district court sustaining the demurrers of appellees Walker and Allen to their petition, and dismissing the same.

I. One of the controlling questions in this case is: Are all the appellants Read *et al.*, except Mrs. Thompson and Mr. Jeffus, who were not parties to the original judgment in favor of Mrs. Walker, and which was against the other appellants, estopped by that judgment from contesting the right of Mrs. Walker to the exclusive possession of the land in controversy, and from contesting both the title and possession of Mrs. Allen to an undivided one-half of the same?

This question will be considered, as regards the claim of those appellants who were parties to that judgment, *first*, as against Mrs. Walker; *second*, as against Mrs. Allen.

*First.* As regards Mrs. Walker. We are of opinion, under the facts stated in the petition to which the demurrer was sustained, that the original judgment in favor of Mrs. Walker and against them, and which was affirmed by the supreme court, should be held *res adjudicata*, not only as to Mrs. Walker's title to an undivided one-half interest in and to the land, which is not contested, but also as to her right as against them to the exclusive possession of the whole survey, until said appellants should show themselves entitled to joint possession with her. If that part of the judgment which gave her such exclusive possession was erroneous, it does not appear that the attention of the court below was called to it by motion to reform or otherwise; and appellants on the former appeal failed, by omitting the original petition, to

have their record so made up as to properly present this point for the consideration of the supreme court. No sufficient reason is set forth in excuse of these failures to require that the original judgment should be reformed in this particular.

Resting, then, the question as to Mrs. Walker's rights against certain of the appellants upon the ground of *res adjudicata*, will dispense with the necessity of deciding whether, as an original question, under her affirmative pleadings in the original suit, that she claimed an un-divided one-half interest only; and under the pleadings of said appellants that they were purchasers in good faith, and also had title by limitation; and under the verdict of the jury and judgment of the court, that they were entitled to compensation for their improvements because made in good faith,— these appellants were merely such naked trespassers or strangers as authorized the court to give judgment for Mrs. Walker, not letting her into joint possession only, but for the exclusive possession. No opinion is here expressed on this important question.

*Second.* As regards the rights of those appellants as against Mrs. Allen, we are of opinion that they are not estopped by the original judgment in favor of Mrs. Walker from contesting either the title or the possession of Mrs. Allen to an undivided one-half of the lands claimed by them respectively.

The original petition of Mrs. Walker in the first suit not only failed to set up the claim of Mrs. Allen, but did not even disclose its existence. Neither her name nor claim appeared of record until the amended petition of Mrs. Walker and Mrs. Allen's own pleadings, by which she was sought to be made a party, were filed, November 7, 1878, years after the institution of that suit, on March 12, 1873.

It is evident from the record that no issue was involved in the original suit as between appellants Read *et al.* and

Mrs. Allen. There was no pleading by which an issue properly could have been raised. The court, upon the filing of Mrs. Walker's amended petition and Mrs. Allen's plea of intervention, announced that the cause would be continued to give Read *et al.* time to answer the same and to prepare the defense as against Mrs. Allen; thereupon she voluntarily withdrew her appearance and pleading. That both the court and Read *et al.* understood that this was an entire withdrawal of that issue, is apparent from the fact that the court thereupon overruled the motion for a continuance based upon this very pleading, and proceeded with the trial as between Mrs. Walker only and the then defendants, Read *et al.* This is further placed beyond all question by the action of the court in so reforming the original judgment as to strike therefrom so much of it as purported to show that Mrs. Walker sued for an undivided one-half interest in the land, "as joint owner with the heirs of William S. Allen."

Mrs. Allen then claimed, as she now does, to be the heir of William S. Allen.

The amended petition of Mrs. Walker, filed November 7, 1878, contained a general allegation that Mrs. Allen owned the other undivided one-half interest in the land. This allegation was evidently made as a basis for the intervention of Mrs. Allen, filed at the same time and by the same attorneys, and which was subsequently withdrawn; and could not under the circumstances be held as a pleading setting up the issue of Mrs. Allen's title. If so, then Read *et al.*, while granted the shadow of protection against the claim of Mrs. Allen, by its withdrawal, were denied its substance by permitting it to be indirectly prosecuted, without the evidence to resist which was sought by the motion to continue, and which motion was overruled by reason of this very withdrawal.

Had that judgment, instead of having been rendered in favor of Mrs. Walker, been rendered in favor of Read

*et al.* against both Mrs. Walker and Mrs. Allen, it would not be seriously contended that Mrs. Allen would be estopped by it. It is an elementary principle that an estoppel, to be binding, must have been mutual.

II. The other controlling question in this case is: Was the fact that the husbands of Mrs. Thompson and Mrs. Jeffus were parties to the original suit — they themselves not having been parties — sufficient to estop Mrs. Thompson and Mrs. Jeffus from contesting the title and possession of both Mrs. Walker and Mrs. Allen, or either of them, to the land in controversy, which is claimed to be the separate property of Mrs. Thompson and Mrs. Jeffus?

It is another elementary principle that no one is bound by a judgment to which he was not a party, either actually or constructively. Mrs. Thompson and Mrs. Jeffus were not actually made parties. Were they so constructively? Clearly they were not, unless service upon the husband in such case was service in law upon the wife also.

With us, husband and wife, as regards their personal property, unless when otherwise provided by statute, are separate and distinct persons in law. McKay *v.* Treadwell, 8 Tex., 180.

The statute then in force gave to the husband, during marriage, the sole management of the wife's separate property. Pasch. Dig., art. 4641. It further gave him the authority to sue, either alone or jointly with the wife, "for the recovery of any of the effects of the wife." Pasch. Dig., art. 4636.

With these exceptions the husband had no statutory authority to bind the wife in regard to her separate property. He could not alone dispose of it, or subject it for the payment of debts, or even to renew a debt for which it was bound, so as to prevent the bar of the statute of

limitations. Milburn *v.* Walker, 11 Tex., 344; McGee *v.* White, 23 Tex., 180.

The word "effects," as used in the statute above quoted, in its ordinary legal sense does not mean real property. It is defined by our statute to include "all personal property and all interest therein" (R. S., art. 3138, subdiv. 12); whereas property is defined to include "real and personal property." Subdiv. 1.

That it was not the intention that the word "effects" should include real property is also apparent by the change in the phraseology of the above statute, Pasch. Dig., art. 4636, as made by the corresponding article, 1204, Revised Statutes, which provides that "the husband may sue either alone or jointly with the wife for the recovery of any separate property of the wife," etc.; substituting the words, which are of broader signification — "any separate property," for the words "any effects."

In the case of Cannon *v.* Hemphill, 7 Tex., 188, cited by counsel for appellees, the wife herself was a party plaintiff to the suit. And in the case of Burleson *v.* Burleson, 28 Tex., 417, also cited, it was held that a suit against the husband alone would, under the statute giving him the management of the wife's separate property, be sufficient to stop the running of the statute of limitations — affecting the question of possession only, not that of title.

No case has been cited or has come under our observation (and it is believed that no well considered one can be found) which makes a judgment against the husband alone, and to which the wife was not otherwise a party, sufficient to divest her title to her separate property.

In this connection it may be observed that the statute in express terms gives to the husband the right *to sue* alone for the benefit of the wife, not *to defend* alone. Although it may not be very apparent why the authority

was given in the one case and withheld in the other, yet such is the plain letter of the statute.

We are of opinion that the original judgment complained of was not binding on the rights of Mrs. Thompson or Mrs. Jeffus, either as against Mrs. Walker or Mrs. Allen.

The case now before the court is not properly one to review that former judgment. It is, in its legal effect, one of trespass to try title, in favor of all the appellees as against Mrs. Allen, and in favor of Mrs. Thompson and Mrs. Jeffus as against both Mrs. Allen and Mrs. Walker.

For the reason above indicated there was error in the judgment below sustaining the demurrer, for which the same is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered February 3, 1882.]