## R. N. READ v. M. A. R. ALLEN ET AL.

(Case No. 1399.)

1. JUDGMENT.— A judgment against a tenant rendered in a cause to which his landlord is not a party, and of which he had no notice, cannot affect the landlord's title. Such judgment and the proceedings on which it was rendered are admissible in a suit against the landlord, involving title to the land, only for the purpose of showing when his possession held through the tenant ceased to be a peaceable possession, and for no other purpose.

2. JUDGMENT.— It is a rule of universal application that the rights of no one shall be concluded by a judgment rendered in a suit to which he is not a party.

APPEAL from Houston. Tried below before the Hon. John R. Kennard.

In addition to the facts stated in the opinion, the following appeared:

Appellee offered in evidence depositions of Lee Wallace, that he, in 1878, leased the land in controversy of appellant for three years ending January 1, 1881, with the privilege of purchasing, and that he sub-rented to Hart for the years 1879 and 1880. This witness stated that he had no knowledge of the suit in the United States court till after possession had been delivered to appellee, and that Hart never notified him of the suit. Also the written lease between appellant and Wallace for three years, as stated by Wallace, with the privilege to Wallace of buying the place during the year 1878 for $2,000 cash.

Appellant testified that he had no notice of the suit in the United States court till after judgment had been rendered; that he never knew Hart or that he was on his place, and the first he knew of the judgment was the last of June, 1880. Appellant also testified that he knew suit had been threatened unless the parties would compromise, and he had refused to compromise; that he heard the settlers were sued in the federal court, but supposed by "settlers" was meant the owners or claimants of the land; that he was never served with citation, etc.

Appellant's attorney testified that about May 1, 1880, he was retained by appellant to attend to all his legal business in Houston county; that appellant was expecting litigation relative to the Aughenbaugh and Welsh leagues of land in said county; that after this he was informed by one of appellee's attorneys that he had obtained judgment in the federal court for the Welsh league. Witness immediately wrote to appellant about it, and in a few days thereafter he received a letter from appellant, inclosing a letter from the clerk at Tyler, dated June 28, 1880, stating that judgment had been rendered in favor of the appellee for the Welsh league; that witness saw the attorneys of appellee at once and asked them to hold up writ of possession till he could examine into the matter, but they declined, as they were expecting the United States marshal, and the next day or day or two after, the writ of possession was executed; and that witness had no knowledge of the suit till judgment had been rendered.

*J. R. Burnett*, for appellant.

*Nunn & Williams*, for appellee.— The judgment being against the tenant of appellant, in a suit of which he had notice, was, under

the facts, an adjudication of the title asserted by him in this cause, and conclusive against him. R. S., arts. 4789, 4790; Hough v. Hammond, 36 Tex., 657; Robbins v. Chicago, 4 Wall., 658; Chicago v. Robbins, 2 Black (U. S.), 418; Boston v. Worthington, 10 Gray, 496; Inhabitants v. Holbrook, 9 Allen, 17; Bigelow on Estoppel, 47; 1 Greenl., 523, 535; Freeman on Judgments, 171; Hunter v. Britts, 3 Camp., 455; Bigelow on Estoppel, 353, 354; Tyler on Ejectments, 208.

STAYTON, ASSOCIATE JUSTICE.— This is a suit of trespass to try title, brought by the appellant against the appellee to recover a part of a tract of land originally granted to John Welsh.

On the 25th day of March, 1880, the appellee brought a suit in the circuit court of the United States at Tyler, against several defendants, to recover an undivided half of the grant to John Welsh.

The appellant was not made a party to that suit, nor does it appear that he had any notice of it prior to the time that a judgment was rendered therein. Prior to the institution of that suit the appellant had leased the land now in controversy to one Wallace, who, without the knowledge of appellant, had sublet the land to one Hart, who was made a party defendant in the suit brought in the circuit court of the United States.

It does not appear that Wallace had notice of that suit.

In May, 1880, a judgment was rendered in favor of appellee against Hart and other defendants, and on the trial of this cause, over the objections of appellant, that judgment was offered in evidence by the appellee in support of her title. This is assigned as error.

In the case of Read v. Allen, 56 Tex., 180, this identical question was decided, and it was there held that a judgment against a tenant, rendered in a suit to which the landlord was not a party, and which he had no opportunity to defend, was not admissible as evidence of the title of a person obtaining such judgment in a suit between such person and the landlord of the tenant. The correctness of this decision we see no sufficient ground to question.

It would seem to be a rule of universal application, that the right of no one should be concluded by a judgment rendered in a suit to which he was not a party.

The bill of exceptions shows that the judgment objected to was introduced as conclusive evidence of title in the appellee Allen.

A judgment rendered against a tenant, and the pleadings upon which such judgment was rendered, are admissible for the purpose of showing when the possession of a landlord held through a tenant

ceased to be a peaceable possession, but as against the landlord for no other purpose.

The error of the court considered will require a reversal of the judgment, and as the cause was tried by the court without a jury, it appearing that the appellant had had possession of the land in controversy for more than five years prior to the institution of the suit against Hart, claiming the same under a deed duly recorded, and paying the taxes thereon, such judgment will be here rendered as should have been rendered in the district court; which is that the appellant recover the land claimed in his petition, and that he have a writ of possession therefor, the same to be issued from the district court of Houston county, and that he recover his costs in this court and in the court below.

REVERSED AND RENDERED.

[Opinion delivered January 22, 1883.]