FRANCIS A. WHITNEY ET AL. v. LUDWIG KRAPF ET AL.

No. 1190.

1. **Judgment—Collateral Attack.**—Where the defendant takes no steps to prevent a judgment by default, or to have it set aside, mere irregularities therein will not avail him to have it declared void in a collateral proceeding.

2. **Sheriff's Deed—Description in Return of Execution.**—The sheriff's return on the execution stated the number of the lot and block levied on, but not the name of the town or county. His deed, however, gave the name of the town also, it being the county site of the county. *Held,* that the deed was sufficient to pass the title.

3. **Sale by Trustee—Request to Sell.**—Where a trust deed provides that the trustee may sell the property at the request of the grantor, a sale without such request is void.

4. **Void Sale—Recovery of Money Paid.**—The defendant purchaser at a void trustee's sale may, under appropriate prayer for affirmative relief, recover from the plaintiffs, suing for the property, the purchase money paid by him, through the trustee, to plaintiffs' ancestor at the void sale.

5. **Void Judgment by Default—Defective Citation.**—Citation from Justice Court was issued and served September 15th. It summoned the defendant to appear on the first Monday in October, instead of the fourth Monday, as fixed by the Commissioners Court for that justice precinct. The judgment by default was without date, and contained no recital of service. *Held,* that the judgment was void on collateral attack.

APPEAL from the District Court of Howard. Tried below before Hon. WILLIAM KENNEDY.

*S. H. Cowan* and *Albert Stevenson,* for appellants.—1. A judgment rendered on a citation commanding the defendant to appear at a time when the court does not meet, there being no appearance by the defendant, is an absolute nullity, and is open to collateral attack. Sayles' Civ. Stats., arts. 1215, 1570; Watson v. Miller, 55 Texas, 290; Cave v. City of Houston, 65 Texas, 619; Covington v. Burleson, 28 Texas, 370; 1 Black on Judg., 223, 224; Witt v. Kauffman, 25 Texas Supp., 384; 1 W. & W. C. C., secs. 83, 89, 244, 520; 2 Willson's C. C., sec. 268; Harrington v. Harrington, 16 S. W. Rep., 538; Culver v. Phelps, 130 Ill., 217; Rice v. Bank, 31 Pac. Rep., 1024.

2. In a Justice Court, a suit is not instituted until citation is issued; its issuance is the bringing of the suit. Keeble v. Bailey, 3 Texas, 492; 2 Willson's C. C., secs. 554, 555.

3. A citation commanding the defendant to appear on the first Monday in October, the time of holding the court being on the fourth Monday, is void, and will not support a judgment by default. Rev.

Stats., art. 1568, 1570; Watson v. Miller, 55 Texas, 289; Wright v. Wilmot, 22 Texas, 398: Neil v. Brown, 11 Texas, 17.

4. Whatever the record in the case shows to have been done to procure jurisdiction is conclusive on that point; it can not be contradicted except by other parts of the record, or a recital in the judgment itself that service was had. If there is no such recital, and none that the defendant appeared, and if the other parts of the record show affirmatively that the service which was had was not such as to give the court jurisdiction, a judgment so rendered is void. Treadway v. Eastburn, 57 Texas, 213; 1 Black on Judg., sec. 277, and note, citing Hahn v. Kelley, 34 Cal., 391; Id., sec. 278; Freem. on Judg., 125.

*S. H. Morrison,* for appellees.—1. Leniency should be indulged in regard to Justice Court proceedings, and judgments rendered in these courts when acting in the ordinary scope of their powers ought not to be attacked collaterally as being void for the reason that they do not show affirmatively all the facts necessary to give the court jurisdiction. Hence the court was correct in his findings that the presumptions are in favor of the regularity of said proceedings, and that defendant ought to recover. Holmes v. Buckner, 67 Texas, 107; Wilkerson v. Shoonmaker, 77 Texas, 615; 14 S. W. Rep., 223; Williams v. Haynes, 77 Texas, 283; 13 S. W. Rep., 1029.

2. The court erred in concluding that Bicksler had no authority to sell lot number 21, that the defendant had no title to the same, and the plaintiff is entitled to recover it and all costs of suit. Defendants were at least entitled to recover the amount of taxes paid thereon and the value of their improvements. Johnson v. Schumaker, 72 Texas, 334.

3. Vendors in a trust conveyance, or their descendants seeking after sale of trust property to recover same, should in their pleadings aver willingness to pay amount for which trust was given, and should be compelled to do so before they are allowed to recover, especially where there was no fraud in the matter of such trust sale. Howard v. North, 5 Texas, 290; Morton v. Welborn, 21 Texas, 772.

STEPHENS, ASSOCIATE JUSTICE.—Appellants sued to recover from appellees lots 2 and 21, in block 4, in the town of Big Springs, Texas.

John Pope, deceased, was the common source of title, appellants claiming as his heirs, and appellees as purchasers (1) of lot 2 at execution sale under a judgment against Jack Pope, in favor of J. A. Hodges; and (2) of lot 21 at trustee's sale under a mortgage executed by said John Pope to Phil H. Young, trustee, to secure a debt of $159, the sale having been made by E. S. Bicksler, substitute trustee, duly appointed as provided in said conveyance.

1. Appellants assign error to so much of the judgment as denied them a recovery of lot 2, contending that no title passed by the execution sale under which appellees claim, on the ground that the judgment upon which this execution issued was void; and upon the further ground,

that in consequence of the uncertain description of this lot contained in the levy, the sale was void.

This judgment was obtained by default before a justice of the peace, upon service of a citation on defendant therein, which was issued and served September 15, 1884, and cited him to appear on the first Monday in October, 1884, instead of the fourth Monday, as fixed by the Commissioners Court for the terms of the Justice Court in that precinct. The judgment bears no date, and contains no recital of service or appearance.

The execution, which was issued in December, 1884, and levied in January, 1885, and under which the lot was sold in February following, recited the judgment correctly, and so as to identify it, but gave its date as September 15, 1884. The return on the execution recited a levy on lot 2, block 4, without naming the town or county, but the sheriff's deed further described the lot and block as situated in the town of Big Springs.

The contention that this judgment was void on collateral attack, we think, was properly overruled by the District Court. The citation served on defendant, though insufficient to support a judgment by default, was notice to him of the pendency of the suit. He took no steps to prevent the judgment, or to have it set aside. The irregularities complained of, therefore, can not avail his heirs in this suit. Essig v. Lower, 120 Ind., 239; Wilkerson v. Schoonmaker, 77 Texas, 615; Williams v. Ball, 52 Texas, 603; Williams v. Haynes, 77 Texas, 283.

The further contention, that no title passed because the levy indorsed on the execution is void for uncertainty of description, must also, in view of the fuller description contained in the sheriff's deed, naming the town (which we judicially know to be in Howard County) in which the lot is situated, and thereby identifying it, must also be overruled. This conclusion is supported by the following cases directly in point, which have several times since been approved: Coffee v. Silvan, 15 Texas, 354; Riddle v. Bush, 27 Texas, 675.

In the cases upon which appellants seem to rely, the uncertain description was in the attachment levies, and was carried forward into the judgments of foreclosure, and into the orders of sale; and hence, as the purchasers could not show a valid judgment and execution (order of sale), the deed, however perfect in its recitals, conferred no title.

In the case at bar, there was a valid judgment, execution, and sale prior to any intervening rights. Pfeiffer v. Lindsay, 66 Texas, 123; Allday v. Whitaker, 66 Texas, 669; Riordan v. Britton, 69 Texas, 198; Holmes v. Buckner, 67 Texas, 107.

We conclude, that the judgment in favor of appellees for lot 2 should be affirmed.

2. We come now to consider appellees' cross-assignments of error. The District Court held the trustee's sale void, because the trustee had not been requested by the grantor to make the sale, as provided in the mortgage. In view of the strict rule of construction which has been

applied by our Supreme Court to sales under such powers in mortgages, we must concur in this conclusion.   Miller v. Boone, 23 S. W. Rep., 574.

We are of opinion, however, that in this case the heirs of the grantor should not have recovered lot 21 without refunding the money paid by appellees at the void sale in discharge of the lien created by the mortgage.

They alleged these facts in their answer, and prayed a recovery of the money so paid, in case their title failed.   The court denied them any equitable relief, on the ground that the proof failed to show how much had been paid on lot 21, it appearing that lot 18 was also included in the mortgage and sold at the same time to the same party, the two lots selling for the gross sum of $185.

As each lot was alike liable for the whole debt, we think the heirs of the grantor should not be permitted to recover the lot in question without fully reimbursing appellees the money paid in discharge of the burden resting upon it.   Fuller v. O'Neil, 69 Texas, 349; Northcraft v. Oliver, 74 Texas, 162.

The judgment against appellees for lot 21 will therefore be reversed, and the cause remanded for a new trial in reference thereto.

Delivered May 30, 1894.

### ON MOTION FOR REHEARING.

STEPHENS, ASSOCIATE JUSTICE.—A more extended examination of the authorities, induced by the cogent argument of appellants' counsel submitted as a part of this motion, has convinced us that the judgment in favor of appellees for lot 2 should also be reversed, on the ground that the Justice Court judgment, through which they deraigned title, is void.

In the conclusions heretofore filed, we held that the citation served on John Pope, September 15, 1884, which notified him to appear before the justice of the peace on the first Monday instead of the fourth Monday (the term as fixed by the Commissioners Court) in October, 1884, while too defective to support a judgment by default, when assailed in a direct proceeding, should be held sufficient to support such judgment in a collateral suit.

While no case has been cited or found in this State directly in point, the decisions elsewhere seem to sustain the contention that such process is not merely defective, affording some notice and some service, which would be sufficient on collateral attack, but that it does not purport, either in form or substance, to be such as the law requires, and is therefore void.   Hence no jurisdiction of the person is thereby, even defectively, obtained, a void writ being in legal contemplation no writ at all.

In Culver v. Phelps, 130 Illinois, 217, which was a suit to remove cloud cast by the sale of property under a judgment rendered the 6th day of December, 1875, on a summons issued the 6th day of October, 1875, commanding the defendant to appear at the next October Term, several terms intervening, the process was held null, and the judgment void.

In Kitsmiller v. Kitchen, 24 Iowa, 163, a judgment offered in evidence under a plea of res adjudicata was held void, because citation did not name the time when, and place where, defendant was required to appear.

In Falkner v. Guilk, 10 Wisconsin, 506, a judgment rendered in a partition suit, and offered in evidence as a muniment of title, was held void, because notice in that suit did not name the time for appearance, though service of the notice was accepted.

In Rice v. Bank, 31 Pacific Reporter, 1024, the Court of Appeals of Colorado restate with much force the reasons for holding such process void, but that, like all of the other cases save one cited by appellants, was a direct attack on the judgment, which was enjoined because the citation stated an impossible date.

In Steel v. Metcalf, 4 Texas Civil Appeals, 313 (23 Southwestern Reporter, 474), which was a suit for damages against a sheriff for executing an order of sale directed to the sheriff of another county, we held the process to be void on its face in the county where its execution was attempted.

Our statute, article 1570, requires the citation to cite the defendant to some regular term of the Justice Court. This it did not do, nor purport to do. If it had purported to cite him to some regular term, naming it, but incorrectly stating when it was to be held, it would probably have been sufficient on collateral attack. It would then be a defective statement merely of the term for appearance, the true date of which, as fixed by law, the party would be presumed to know. Rigsbee v. Bowler, 17 Ind., 167.

We conclude that, inasmuch as the default judgment rendered by the justice of the peace is silent upon the subject of service, and the citation offered in evidence as the foundation of this judgment, with service indorsed thereon, did not confer jurisdiction of the person, a want of jurisdiction was affirmatively shown, and therefore the court below should have so held. Treadway v. Eastburn, 57 Texas, 213; Freem. on Judg., sec. 125; Clark v. Thompson, 47 Ill., 25.

We, however, still adhere to our conclusions as to the other lot. Appellees alleged and proved, that they held it under a trustee's sale made to foreclose a valid mortgage thereon, and that the money paid by appellee Ludwig Krapf as purchaser at this sale extinguished the debt which this mortgage had been executed to secure, praying for affirmative relief. The fact that he afterwards conveyed this lot to Paul Schultz, who in turn conveyed it to his wife, Serena Krapf, was no sufficient replication to the equitable defense interposed. It was

still, on the face of this record, the property of Ludwig Krapf, there being no evidence of any separate estate in his wife, if indeed that would change the status.

While the prayer of appellees to recover back the money paid may not have been strictly accurate, enough was stated and claimed to show that they asked for affirmative equitable relief, and under the case made by the proof, they were entitled to retain possession of the lot until appellants should make an equitable reimbursement of the money expended in removing the incumbrance therefrom.

The rehearing will be granted, and the entire judgment reversed and the cause remanded for a new trial in accordance with this opinion and that heretofore filed, as here modified.

*Reversed and remanded.*

Delivered October 3, 1894.