**MINCHEW v. HANKINS et al.   (No. 2556.)**\*

(Court of Civil Appeals of Texas. Amarillo. Dec. 2, 1925. Rehearing Denied Jan. 6, 1926.)

1. **Husband and wife** ⬅47(3)—**Husband's conveyance to wife, in consideration of love and affection, held to vest title in wife as her separate property.**

Husband's conveyance to wife, in consideration of love and affection, *held* to vest title in wife as her separate property.

2. **Husband and wife** ⬅48(1)—**Deed executed by wife alone, conveying her separate property to husband, is void.**

Deed executed by wife alone, conveying her separate property to husband, is void.

3. **Judgment** ⬅693—**Judgment against husband held not to divest wife's title to her separate property.**

Judgment against husband, in suit to which wife was not party, does not divest wife's title to land involved in suit which is her separate property.

4. Mortgages ☞594(1)—Holder of legal title has primary right to redeem land from mortgagee's assignee.

Holder of legal title has primary right to redeem land from mortgagee's assignee.

5. Mortgages ☞369(8)—Effect of judgment vesting title acquired by mortgagee's assignee through sale under power in purchasers under prior judgment sale stated.

Judgment in suit to redeem, divesting mortgagee's assignee of title to land acquired through sale under power, because power was unfairly exercised, and vesting title in purchasers at prior judgment sale, vested purchasers with only such title as was acquired by mortgagee's assignee.

6. Mortgages ☞378—Sale under power extinguishes all conveyances and incumbrances executed after date of mortgage.

Sale under power in mortgage is equivalent to strict foreclosure in equity, and, if not set aside, extinguishes all conveyances and incumbrances executed after mortgage.

7. Fraudulent conveyances ☞308(8)—Whether insolvent husband's conveyance to wife was void as against creditors held for jury.

Insolvent husband's conveyance of land to wife in satisfaction of bona fide indebtedness was not necessarily void as to other creditors, but it was issue for jury.

8. Subrogation ☞26—Person paying money in mistaken belief that it is necessary to protect his interests held not volunteer.

Person paying money in good faith, believing payment necessary to protect his interests, even though mistaken as to facts, is not a volunteer.

9. Subrogation ☞26—Purchasers under judgment sale held not mere volnteers in redeeming from mortgage.

Purchasers under judgment sale *held* not mere volunteers in redeeming from mortgage so as to defeat right to reimbursement, where judgment debtor's property was conveyed to his wife while he was insolvent, and reconveyed to husband by deed executed by wife alone.

10. Appeal and error ☞1178(8)—Judgment for persons rightfully in possession reversed and remanded to enable legal title holder to redeem.

Where holder of legal title made no attempt to redeem from persons rightfully in possession who paid mortgage debt, *held*, that proper procedure required that judgment for such persons in trespass to try title be reversed and remanded for new trial, so that holder of legal title might amend pleadings and tender amount necessary to redeem.

11. Mortgages ☞615—Assignee of mortgage, whose title acquired by sale under power was divested, held not necessary party to subsequent action involving title.

Assignee of mortgage, whose title acquired by sale under power was divested by judgment in suit to redeem, and vested in purchasers under prior judgment sale, *held* not necessary party to action between holder of legal title and such purchasers to enable such holder to redeem; judgment being res adjudicata as to such assignee.

Appeal from District Court, Childress County; R. L. Templeton, Judge.

Action by Henry Hankins and another against Mrs. Mattie Minchew and another. Judgment for plaintiffs, and defendant named appeals. Reversed and remanded.

E. E. Diggs, of Childress, for appellant. C. A. Williams, of Childress, and Jos. H. Aynesworth, of Wichita Falls, for appellees.

HALL, C. J.  Henry Hankins and Claude Terrell brought this suit against the appellant, Mattie Minchew, and her former husband, A. P. Minchew, in trespass to try title, and to remove cloud from the title of certain lands lying in Childress county and described in the petition. They allege that H. Smiley is the common source. They plead their title specifically, and allege, in part, that the said Smiley, the common source, had, on or about January 1, 1914, given to Maxwell & Maxwell a deed of trust upon the land to secure the payment of a note or bond for $2,000, and that one Robert Reisenberg had, by assignment, acquired said note and the mortgage given to secure the payment, and had thereafter, under the power covenanted in the mortgage, sold the property and purchased it at his own sale; that they, the plaintiffs, sued Reisenberg, and tendered the amount of his bid at the sale, and had obtained a judgment against him, vesting in them the title which he acquired at said sale; that said judgment had become final; that they had complied with the terms thereof by paying him the amount of the mortgage debt which he had received. They also allege that A. P. Minchew, while he was the husband of Mrs. A. P. Minchew, had conveyed the land in suit to her, and that she had conveyed it to him during their married life by a deed in which he had not joined; that the conveyance from Minchew to his then wife, Mattie Minchew, was made for the fraudulent purpose of defeating a debt which Minchew owed the plaintiffs; that R. M. Bell and wife, who were part owners of the premises with A. P. Minchew, also conveyed their interest to the defendant, Mattie Minchew, by a deed reciting a cash consideration of $865; that the said Bell was associated with A. P. Minchew, and merely acted at his instance and request, and to aid the said Minchew in carrying out his fraudulent purpose to hinder and delay plaintiffs in the collection of their debt.

The defendant, Mattie Minchew, answered by general denial and plea of not guilty; that she had been divorced from A. P. Min-

chew, and that, while his deed to her recites love and affection as the consideration, said deed was in truth and in fact executed to reimburse her for the value of her separate property which Minchew had caused to be conveyed to other parties, and also to reimburse her for her separate means and money which Minchew had used for his own benefit; that her deed reconveying the premises to her then husband, A. P. Minchew, was null and void, because it was executed by her alone, and was further void because she was coerced by Minchew into signing it after the commencement of the troubles and disagreements which culminated in their divorce; that plaintiffs had notice at the time they attached the land and at the time of the foreclosure and sale, that the property was owned by her, the said deeds from her husband and from Bell and wife being then of record.

The case was tried to a jury, but, when both sides had closed in the introduction of the testimony, the court directed a verdict in favor of plaintiffs. From a judgment entered in accordance with that verdict this appeal is prosecuted.

It was admitted in open court that H. Smiley was the common source of title. It appears from the record that, after the execution of said bond for $2,000 by H. Smiley, he conveyed the premises to W. D. Smiley, who in turn conveyed it to Bell and A. P. Minchew. The consideration for each of these sales was part cash, and the balance evidenced by vendor's lien notes, which are in no way involved in this litigation, since the holders of said notes have heretofore been denied a recovery in another action against plaintiffs. The judgment rendered in that case has no bearing upon the issue of title presented here.

The evidence shows that on January 1, 1914, H. Smiley mortgaged the premises in controversy to Maxwell & Maxwell to secure his bond of even date therewith in the sum of $2,000 due January 1, 1919. This mortgage contained the usual power of sale in the event of default in the payment of the principal sum due at maturity, or in the payment of any annual installment of interest. By proper transfers Robert Reisenberg acquired this bond and the mortgage given to secure its payment, and by reason of default in the payment of the installment of interest, which matured January 1, 1923, Reisenberg advertised the property for sale. He sold it April 3, 1923, about the noon hour, at the courthouse door in the town of Childress, and at such sale became the purchaser, bidding therefore the amount of the bond and unpaid interest. Immediately after the sale the plaintiffs in this suit filed their petition in the district court of Childress county against Reisenberg to set aside the sale, upon the ground that it was unfairly made at a time and under such circumstances as to prevent competitive bidding. They allege that they were the owners of the property under a judgment previously rendered May 11, 1921, in their favor against A. P. Minchew and others in the district court of Childress county in cause No. 1086 on the docket of said court; that in said cause No. 1086 they had caused to be levied on July 31, 1920, an attachment upon the property in question; and that the judgment foreclosed their attachment lien, and, under a sale made in pursuance of said judgment, had acquired the title from Reisenberg. Mrs. A. P. Minchew was not a party to said cause No. 1086. The record shows that she was divorced from A. P. Minchew March 25, 1921, in a suit filed for that purpose in Denver, Colo.

[1, 2] Cause No. 1265 on the docket of the district court of Childress county, entitled Henry Hankins et al. v. Robert Reisenberg, to which Mrs. Minchew was not a party, was appealed to this court, and the judgment of the trial court divesting Reisenberg of the title and vesting it in the plaintiffs Hankins and Terrell was affirmed January 30, 1924, 258 S. W. 904. In that action the plaintiffs herein tendered to Reisenberg the full amount due upon the above-mentioned bond executed by H. Smiley, together with the accrued interest, which Reisenberg received in full satisfaction of the judgment. Since then the plaintiffs have been in actual possession of the land through their tenants, collecting rents and claiming the premises in fee. The record further shows that A. P. Minchew conveyed the land to his wife, February 16, 1920, reciting as consideration love and affection; that Bell and wife conveyed their interest in the premises to her February 20, 1920, for a recited consideration of $865. The effect of these conveyances, according to the recitals, is to vest the title in her as her separate property and estate. Speer's Law of Marital Rights, §§ 117, 118. Thereafter, on the 27th day of February, 1920, she reconveyed the entire property to A. P. Minchew, by deed reciting as consideration love and affection. All three of these deeds were duly recorded in Childress county in February, 1920. The deed by which she attempted to reconvey the property to her husband was executed by her alone, and is void. Speer's Law of Marital Rights, § 126; 30 C. J. p. 694, and authorities cited.

[3, 4] According to her allegations, which her testimony tends to support, the land was her separate property when the attachment was levied upon it July 31, 1920, in cause No. 1086, entitled Hankins & Terrell v. Minchew. It is settled law that a judgment against a husband in a suit to which the wife was not made a party is not sufficient to divest the wife of her title to the land, the subject of the suit, when it is her separate property. Read v. Allen, 56 Tex. 182; Id., 58 Tex. 380; Jeffus v. Allen, 56 Tex. 195; Wilson v. Johnson, 94 Tex. 272, 60 S. W. 242; Frank v. Frank (Tex. Civ. App.) 25 S. W. 819. Al-

(278 S.W.)

though the plaintiffs alleged that the deeds from Bell and wife and Minchew to her were made for the purpose of defrauding the creditors of Minchew, no evidence was introduced to sustain the allegation. As the holder of the legal title, she would have the primary right to redeem the land from Reisenberg, the transferee of the Smiley bond and mortgage. She has never attempted to exercise her equity of redemption, nor does she offer to do so in this suit by tendering to plaintiffs the sum which they paid Reisenberg when they redeemed the land from him.

In Parks v. Worthington, 39 Tex. Civ. App. 421, 87 S. W. 720, it is held that, to entitle one to enforce redemption of land, he must sue for that purpose, alleging such equities as will authorize recovery, and that the right to redeem cannot be enforced by a suit in trespass to try title, citing Pierce v. Moreman, 84 Tex. 596, 20 S. W. 821; Groesbeeck v. Crow, 85 Tex. 200, 20 S. W. 49; 27 Cyc. 1503; Chase v. Bank, 1 Tex. Civ. App. 595, 20 S. W. 1027; Whitney v. Krapf, 8 Tex. Civ. App. 304, 27 S. W. 843; Floyd v. Hammond (Tex. Com. App.) 268 S. W. 146.

[5-7] It did not appear from the record before us, when this court affirmed the judgment in favor of plaintiffs against Reisenberg (258 S. W. 904), that Mrs. Minchew was asserting any claim to the property or that it had been conveyed to her by deeds duly recorded. The effect of that judgment was to set the sale aside as between plaintiffs and Reisenberg and invest them with only such title as Reisenberg had acquired under the sale which he made to himself. It was not contended in that case that the sale had been made in violation of any of the formal requisites of the power. On the contrary, the record shows that notices had been duly posted by Reisenberg, and that the sale was made on the day advertised within lawful hours. The plaintiffs were allowed to redeem because it was made at such a time and in such manner as tended to prevent competitive bidding, and at a price and under circumstances which showed that the power was unfairly and inequitably exercised. According to the general rule, that sale made under the power contained in the instrument given by Smiley to secure his bond is equivalent to a strict foreclosure by a court of equity, and, but for the fact that it has been set aside, such sale would have operated to extinguish all conveyances and incumbrances executed since the date of the Smiley mortgage. 27 Cyc. 1502, 1503; Hampshire v. Greeves, 104 Tex. 620, 143 S. W. 147; Lee v. British & American Mortgage Co. (Tex. Civ.

App.) 200 S. W. 430; Tolleson v. Nobles (Tex. Civ. App.) 152 S. W. 850; Hampshire v. Greeves, 104 Tex. 620, 143 S. W. 147. Even though Minchew was insolvent at the time the land was conveyed to her, if in fact he conveyed it to her, as she alleges, in satisfaction of a bona fide indebtedness, such conveyance would not necessarily be void as to Minchew's other creditors. 14 Speer's Law of Marital Rights, § 129. As to this issue, it should have been submitted to the jury.

[8, 9] The appellant contends that, in redeeming from Reisenberg, the plaintiffs acted as volunteers, and are therefore not entitled to be reimbursed for the amount paid. We do not assent to this contention. At the time they sued Minchew and attached the property the appellant's deed reconveying the property to him was on file, and plaintiffs further allege that Minchew was insolvent and had conveyed the property to hinder, delay, and defraud his creditors, and, since Minchew's deed to appellant recites as consideration only love and affection, should be tantamount to a gift. We think they were warranted in believing that they were acquiring the legal title, and that they, in good faith, paid Reisenberg the amount of the bond and interest. Money paid by one who in good faith believes such payment necessary to protect his interest, even though he is mistaken as to the facts, does not constitute him a volunteer. 37 Cyc. 453, 454; 25 R. C. L. 1352, § 137.

[10] The proper practice in cases of this character is to reverse the judgment and remand the case for another trial in order that Mrs. Minchew, if she desires to do so, may amend her pleadings and tender to plaintiffs the amount which they were required to pay to redeem, and interest. Sillman v. Oliver (Tex. Civ. App.) 233 S. W. 867; De Guerra v. DeGonzalez (Tex. Civ. App.) 232 S. W. 896.

[11] Mrs. Minchew is not attacking the judgment under which plaintiffs recovered the land from Reisenberg, and she is therefore not required to make Reisenberg a party to this suit. He has been reimbursed, and that judgment is res judicata as to all his rights. If, after amendment and tender upon another trial, she shows that she is in equity entitled to redeem, she should recover the land upon taking plaintiffs whole. If she should refuse to amend and offer to redeem, the plaintiffs are entitled to a judgment.

The judgment is reversed and the cause remanded.