**HENDRON et al. v. YOUNT–LEE OIL CO. et al.**

No. 5320.

Court of Civil Appeals of Texas. Texarkana.

June 27, 1938.

Rehearing Denied June 30, 1938.

D. B. Chapin, of San Antonio, Edward A. Brown, of Longview, and Tuck Chapin, of San Antonio, for appellants.

Strong, Moore & Strong, of Beaumont, T. L. Foster and J. W. Timmins, both of Dallas, Geo. Prendergast, of Marshall, and Lee, Porter & Latham, of Longview, for appellees.

WILLIAMS, Justice.

Appellants, Dora B. Hendron, joined by her husband, Emil C. Howard, and Charles G. Howard, heirs at law of Z. T. Howard, deceased, filed this suit on October 9, 1934, seeking to set aside an execution sale of 53⅓ acres of land situated in Gregg County, made on April 5, 1904, by the Gregg County sheriff to one W. R. Bass. Appellants alleged this sale to be void; sought an accounting for rents and profits, offering to redeem this land from two judgment liens under which sale was made, and to do and perform such equities as the court might decree. Appellees, S. G. Smith, A. W. Gilliland, Yount-Lee Oil Company, Sun Oil Company, and Stanolind Oil & Gas Company, defendants below, being the present fee, royalty, and leasehold owners, answered with general demurrer and de-

nial, plea of not guilty, and the two, three, four, five, ten and twenty-five year statutes of limitation. Vernon's Ann.Civ.St. arts. 5507, 5509, 5510, 5519, 5526, 5529. Improvement on good faith was also pleaded by the leaseholders. The trial was had to the court upon an agreed statement of facts and judgment entered that plaintiffs take nothing from defendants.

On April 5, 1904, said sheriff executed, acknowledged, and delivered to said Bass a sheriff's deed reading as follows:

"The State of Texas, County of Gregg.
"Know All Men by These Presents:

"That whereas, by virtue of certain executions issued out of the Justice Court of the County of Wood, Prec No. 1, State of Texas, in favor of E. A. Tharp against Z. T. Howard also Execution issued out of the Hon. Dist. Court of Wood County, Texas, in favor of officers of the Court for ¼ of the cost in the case No. 1530 in said District Court of Wood County, Z. T. Howard vs Dora Fenton et al on certain judgments rendered by said Courts to-wit:

"In said Justice Court on the 14th day of January 1904, on the 3rd day of December 1903 in the cause styled E. A. Tharp vs. Z. T. Howard and numbered 596, and in the cause styled Z. T. Howard vs. Dora Fenton et al defendants and numbered 1530 in the District Court aforesaid and both directed and delivered to me, as Sheriff of Gregg County, Texas, commanding me of the goods and chattels, lands and tenements of the said Z. T. Howard to. make certain moneys in said writs mentioned, I, S. R. Thrasher, as Sheriff aforesaid, did, upon the 22nd day of January A. D. 1904 levy on and seize all the estate, right, title and interest which the said defendant Z. T. Howard on the 22nd day of January A. D. 1904 and on the 24th day of February A. D. 1904 so had of, in and to the premises hereinafter described, and on the First Tuesday in April, A. D. 1904, the same being the fifth day of same month, within the hours prescribed by law sold said premises at public vendue in the said County of Gregg, at the door of the Court House thereof, having first advertised the time and place of said sale by causing notice thereof to be published in the English Language one a week for three consecutive weeks immediately preceding said sale in the Times Clarion, a newspaper published in said Gregg County, the first of said publication having appeared not less than twenty days immediately preceding the said day of sale, which said notice contained a statement of the authority by virtue of which the sale was to be made, the time of levy, the time and place of sale and the locality of the property, giving a brief description thereof, sufficiently to enable it to be reasonably known and identified; and whereas at the said sale, the premises were struck off to W. R. Bass for the sum of One Hundred & Three ($103.00) Dollars, he being the highest bidder therefor, and that being the highest secure bid for the same,

"Now therefore, in consideration and by virtue of the premises aforesaid and of the payment of the sum of One Hundred & Three ($103.00) Dollars, the receipt of which is hereby acknowledged, I, S. R. Thrasher, Sheriff as aforesaid, have granted, sold and conveyed and by these presents do grant sell and convey unto the said W. R. Bass all the estate, right, title and interest of the said Z. T. Howard in and to the following described premises, viz.: (Here follows a full description of said land, being same as were set out in the pleadings in this cause.)

"To have and to hold the above described premises, unto the said W. R. Bass heirs and assigns, forever, as fully and as absolutely as I, as Sheriff as aforesaid, can convey by virtue of said writ of execution.

"In testimony whereof, I have hereunto set my hand, this 5th day of April, A. D. 1904.

"S. R. Thrasher
"Sheriff of Gregg County, Texas."

Z. T. Howard was the owner of the fee simple title to this land prior to and at the date of the levy and of the execution sale mentioned in above deed. He died intestate in 1906. Litigants agreed that the two judgments and the executions mentioned in above deed were valid. This suit is a collateral attack upon the validity of this sale.

Appellant contends that said sale made under the execution issued out of the district court is void, asserting that the sheriff of Gregg County did not levy on any land under said execution writ. This contention is without merit and is overruled. The endorsement on said district court execution is as follows:

"Sheriff's Return.
"Came to hand 24th day of Feby. 1904, at 9 o'clock A. M., and executed on the

24th day of Feby 1904, by levying on the following described property to-wit:

"and on the 24th day of February 1904, by advertising the same to be sold before the Court House door of Gregg County, Texas, on the first Tuesday in April, 1904, by an advertisement in the English language in the Times Clarion, a newspaper published in said County, once a week for three consecutive weeks immediately preceding said sale. The first publication of which appeared on the ——— day of ——— 1904, the same being not less than 20 days immediately preceding the day of sale; and on the said first Tuesday in April, 1904, before the Court House door as aforesaid and within the hours prescribed by law for Sheriff's sales, I sold said premises at public vendue, when the sale were struck off to W. R. Bass for the sum of $31.28, he being the highest bidder therefor, and that being the highest secure bid for the same; and that after first satisfying the Sheriff's cost accrued under this writ, amounting to the sum of $10.35, an itemized bill of which appears below and the further sum of $———, original Court cost, the remainder being the sum of $20.53 being amount of execution and judgment and the further sum of $6.28 being amount above judgment and costs was paid to P. N. Thomas, whose receipt for same is herewith presented, and this writ is hereby returned.

"S. R. Thrasher,
"Sheriff Gregg Co., Texas."

■ There are discrepancies between recitals in this return and in the deed. The return recites the sheriff made a levy but omits to include a description of the property levied upon. But the deed does recite that a levy was made and fully describes the property levied upon. The description of the land in the deed is the same as set out in the pleadings in this case. Bass, the purchaser, was a stranger to the execution creditors and the debtor. The agreed statement of facts recites that Bass paid the $103.00 bid by him and the sheriff applied same to the satisfaction of the execution and costs. Bass bought in good faith, paying a valuable consideration and believed he was getting a good title. In Howard v. North, 5 Tex. 290, 51 Am.Dec. 769, the conclusion was reached that the title of a purchaser at an execution sale is not affected by irregularities of the officer committed in making the sale where

such irregularities have taken place, without the concurrence or participation of the purchaser. See also Riddle v. Bush, 27 Tex. 675; Whitney v. Krapf, 8 Tex.Civ. App. 304, 27 S.W. 843; Bryant v. Buckner, 67 Tex. 107, 2 S.W. 452; Griggs v. Montgomery, Tex.Civ.App., 22 S.W.2d 688. The reasons for this rule are fully discussed in Coffee v. Silvan, 15 Tex. 354, 65 Am.Dec. 169.

The foregoing rule was reaffirmed in Houston Oil Co. v. Randolph, 251 S.W. 794, 28 A.L.R. 926, in an opinion by the Commission of Appeals, adopted by the Supreme Court, wherein it is stated (page 800): "It has long been a settled rule in this state that—'The endorsement of a levy and sale on the execution is not necessary to the validity of a purchaser's title acquired at the execution sale. The failure of the officer to make the proper endorsements cannot affect the rights of the purchaser acquired by virtue of the sale, when it is collaterally attacked, and not questioned in a direct proceeding to seasonably have the sale set aside.' Holmes v. Buckner, 67 Tex. [107] 110, 2 S.W. 452; Fitch v. Boyer, 51 Tex. 336; First Nat. Bank of Houston v. Land & Improvement Co., 60 Tex.Civ.App. 315, 128 S.W. 436."

■ It becomes unnecessary to consider if said sale under the justice court execution is valid or not, because of the conclusions herein reached that the sale under the district court is not void. Towns v. Harris, 13 Tex. 507; Crain v. Hogan, Tex. Sup., 16 S.W. 1019.

■ On April 9, 1904, four days after delivery of the sheriff's deed to Bass, he then being in actual possession, this purchaser under the execution sale conveyed the land without warranty to S. R. Thrasher. The foregoing two deeds were filed for record October 6, 1904. In March, 1905, by deed which went of record at that time, Thrasher conveyed the land to S. G. Smith. In July, 1908, Smith with covenants of warranty conveyed to J. R. Castleberry, who in turn in January, 1911, with covenants of warranty conveyed the land back to Smith. These last two deeds went of record December 1, 1910, and March 14, 1919, respectively. It was agreed that each of above grantees purchased in good faith, paying a valuable consideration, and believed he was getting a good title. It was further agreed that

Bass and those claiming under him have been in peaceable possession of this land, claiming same as their own since April 5, 1904, using and occupying the same continuously from that date to the time of trial, paying all taxes before they became delinquent; said possession being at all times open and notorious, visible and exclusive. That said land was fenced and cultivated each and every year from April 5, 1904, until 1931, and from 1931 the leaseholders in this suit have produced oil therefrom continuously. And during this period of time there were dwelling houses thereon occupied continuously and lived in from May 1, 1905, to 1933.

Under these facts, the five-year and the ten-year statutes of limitation (Arts. 5509 and 5510 of R.C.S. of 1925) urged by appellees were a complete bar to a recovery by appellants. The sheriff's deed and the other deeds mentioned each describes and at least purports to convey the land. Each deed upon its face is regular. Davis v. Howe, Tex.Com.App., 213 S.W. 609; Rosenborough v. Cook, 108 Tex. 364, 194 S.W. 131; Cantagrel v. Anna Von Lupin, 58 Tex. 570; 2 T.J. p. 255. "It is not essential that there be any deed at all for perfecting of title under said [ten years] statute." McAnally v. Texas Co., 124 Tex. 196, 76 S.W.2d 997, 1002; Art. 5510, supra.

By various propositions grounded upon the contention that the sheriff's sale is void, appellants advance the theory that said statutes of limitation did not run in favor of Bass and those claiming under him in that these purchasers (grantees named in above deeds) should be treated as mortgagees in possession or as constructive trustees. And that as such they were entitled to the possession of the land until reimbursed the amount bid for the land at the sheriff's sale.

Appellants advance the rule that equity will protect one, who without fault and in good faith, purchases property at a void or voidable execution sale, by requiring the execution debtor to refund the purchase price as a prerequisite to a recovery of the land. And in support of this doctrine cites the text in 25 R.C.L. pp. 1356, 1358, 1360; 16 R.C.L. p. 105; 60 C.J. p. 799, Sec. 109; Burns v. Ledbetter, 54 Tex. 374; Jasper State Bank v. Braswell, Tex.Com. App., 111 S.W.2d 1079, 115 A.L.R. 329; and other authorities not necessary to mention. If this equitable doctrine just stated, the purpose of which is for the purchaser's protection, is extended to prevent the running of the five, ten, and twenty-five years statutes of limitation, Vernon's Ann.Civ.St. arts. 5509, 5510, 5519, then the purchaser, whom the doctrine seeks to protect, will have less rights than a complete stranger or trespasser on the property. If appellants had timely prosecuted a suit to set aside this sale grounded on its being void or voidable and had been sustained in such suit, then the above equitable doctrine would be applicable.

If it be conceded that the execution sale is void and that Bass should be treated either as a mortgagee in possession or as a constructive trustee, still limitation would begin to run upon a repudiation of such assumed relationship. McCook v. Amarada Petroleum Corp., Tex.Civ.App., 93 S.W.2d 482, and authorities there cited; 2 T.J. p. 142, Sec. 74, and p. 150. The deed from Bass to Thrasher in April, 1904, which was recorded in October, 1904, together with the subsequent conveyances and their recordation and the uses and possession made of this land by these grantees, all of a period of time more than ten years prior to the institution of this suit, was a sufficient repudiation of any such relationship as contended for by appellants.

Appellants' cause of action certainly accrued in December, 1910, if not before that time. Appellants in April, 1904, and during these subsequent intervening years have had the same right to sue and offer to do equity as a prerequisite to maintain the suit that they had at the inception of the present suit filed thirty years later. In the words of Justice Combs in Federal Crude Oil Co. v. Yount-Lee Oil Co., Tex. Civ.App., 73 S.W.2d 969, 974: "We think it a sound proposition to say that a disability to sue, which is due wholly to the default of the person claiming its benefits and which at all times he had the power to remove, will not toll the running of the statutes of limitation. At any time during that period of time appellant had the right to revive its charter rights and resume all its corporate powers." In support of this holding that court cites 28 T.J. p. 140, Sec. 56; 17 R.C.L. p. 756, Sec. 121; Gamble v. Martin, 60 Tex.Civ.App. 517, 129 S.W. 386; Smith v. Wise County, Tex.Civ.App., 187 S.W. 705; Port Arthur Rice Mill Co. v. Beaumont Rice Mills, 105 Tex. 514, 520, 143 S.

W. 926, 148 S.W. 283, 150 S.W. 884, 152 S.W. 629.

The views here expressed dispose of all propositions advanced.

The judgment is affirmed.