**ROBERTSON et al. v. LORD.**
No. 6222.

Court of Civil Appeals of Texas. Amarillo.
June 2, 1952.

Klett, Bean & Evans, Lubbock, for appellants.

Lattimore, Couch & Lattimore, Fort Worth, for appellee.

MARTIN, Justice.

On November 24, 1928, appellee, Mrs. Lillian Lord, purchased a $5,000 note executed by Mrs. Emma L. Robertson and secured by a vendor's lien on the Northwest quarter of Section 11, Block 24, Lubbock County, Texas. Emma L. Robertson conveyed this tract of land to Briggs Robertson who assumed payment of the $5,000 note. Robertson did not pay the note when due and Mrs. Lord, on the 13th day of June, 1934, took judgment in the district court of Tarrant County for her debt and foreclosure of lien on the land. An order of sale was duly issued and the land was sold by the sheriff and was bid in by Mrs. Lord. Following the sale of the land to Mrs. Lord, a return was made on the order of sale by Bedford Carpenter, Deputy Sheriff of Lubbock County. Carpenter testified that he mailed the order of sale to the district clerk of Tarrant County but the evidence revealed that the order of sale could not be found in the files in Tarrant County. A sheriff's deed was never mailed to Lillian Lord and she did not know whether it was ever delivered to anyone else.

At the time of the foreclosure proceedings, Briggs Robertson valued the land at only $2400 and Mrs. Lord's lien and debt against such land at the time was in excess of $5,000. It is uncontroverted that Briggs Robertson was willing for Lillian Lord to take title to the land for her debt as he was then in the process of bankruptcy. Mrs. Lord, following the judgment of foreclosure, entered into possession of the land as owner thereof and has remained in possession of the same since 1934. Appellants concede that Mrs. Lord's possession of and cultivation of the land by and through her tenants has been notorious, open, peaceable, exclusive, continuous and without interruption since that date.

In 1951 Mrs. Lord had an opportunity to lease the land for oil and an objection being made to the title she filed suit against the heirs of Briggs Robertson to clear title to the tract of land. The trial court directed a verdict for appellee, Lillian Lord, and appellants, the heirs of Briggs Robertson, perfected an appeal.

Appellants assert four points of error but their appeal is based principally upon points 2 and 3 asserting that since appellee entered into possession of the land under a void foreclosure sale she became a "mortgagee in possession" and in the absence of a repudiation of the relationship of mortgagor and mortgagee appellee did not acquire title by limitation and the trial court erred in peremptorily instructing a verdict for her. Under appellants' assignment of error based on four points, the controlling issue here is whether the trial court correctly directed a verdict for appellee, Lillian Lord.

A brief discussion of the undisputed facts in the case will be given hereinafter, but the theory advanced by appellants in this appeal is adequately discussed and is refuted by the court's rulings in Wilhite v. Yount-Lee Oil Co., Tex.Civ.App., 140 S.W. 2d 293, 296, writ refused. The ruling in said cause as follows sustains the judgment of the trial court:

"Appellants could have (timely) sued and recovered the land from Mrs. Futrell and her successors. They offer no excuse for their delay in

standing by for nineteen years * * —except the excuse now tendered as a proposition of law, to the effect that since equity would have extended to Mrs. Futrell and her successors the right of a mortgagee in possession, therefore their possession must, as a matter of law, (regardless of the undisputed facts to the contrary) be regarded as in recognition of and not hostile to the rights of appellants. The fact that Mrs. Futrell purchased and entered under an invalid foreclosure sale, in good faith believing that she had thus acquired title, did not make her and her successors 'mortgagees in possession' within the pure meaning of that term, as above defined."

In the cause here at issue appellants delayed 17 years in making any claim to the land. Also, see Hendron v. Yount-Lee Oil Co., Tex.Civ.App., 119 S.W.2d 171, writ refused.

■ An outline of the principles involved under the issue of "mortgagee in possession" is found in 59 C.J.S., Mortgages, § 199b, pp. 260–261. One of the principles there stated, quoted hereinafter, may be accepted as a rule of law applicable to this cause in the light of Wilhite v. Yount-Lee Oil Co., supra.

"Also, after a foreclosure or an effort to foreclose the mortgage by a decree or deed which purports to have that effect, the continued possession of the mortgagee or purchaser thereunder will be deemed adverse unless he acknowledges the mortgagor's title".

■ Further, an examination of the uncontroverted evidence in the cause as to the issue of limitation confirms the trial court's peremptory instruction of a verdict for the appellee. The record is uncontroverted that appellee, following the foreclosure of her lien, went into possession of the land and held the same under a claim of title thereto. Briggs Robertson and wife, at the time of the foreclosure and thereafter, recognized that appellee, Lillian Lord, entered into possession of said land under claim of title thereto and they were willing to execute a deed to her. The above facts are recognized beyond controversy by an examination of letters written at the time of the foreclosure by Robertson's attorney to Mrs. Lord's attorney concerning the land. A few pertinent quotations from such letters should be sufficient to reveal the correctness of the trial court's ruling. "Mr. Robertson has been adjudged a bankrupt recently. * * * We presume you do not care for a personal judgment against him in view of this * * *. He is not in position to deed the land over to her, of course, because there are numerous judgments against him, all matters of record. * * *." "* * * if you still think that the quitclaim or special warranty deed executed by Briggs and his mother would be all right, then prepare whatever form of conveyance you prefer, and send it here so that we can have them execute it in proper manner." "Of course, you understand there is a lien on the land in favor of Mrs. Lord; hence if it will help any for Briggs to execute a deed or a quitclaim, then if you will prepare the instrument and forward here, he will be glad to sign up."

Appellee testified that shortly after the foreclosure she came out to Slaton to look at the land and was accompanied on the trip by an attorney, Jack Binion. She further testified that she went to the Briggs Robertson farm but not find him at home and Mrs. Robertson told her, "That little house down there is yours, that is your part of the property." Binion, who came out with her to look at the land, evidently went with her to the Robertson home but he was not called as a witness to refute the above testimony of Mrs. Lord. Briggs Robertson and wife were deceased at the time of the trial but the appellants were not without a witness to refute the above testimony of appellee if the same were not true. This testimony stands uncontroverted.

There is other uncontroverted evidence in the record to corroborate the testimony given at the trial of the case by Mrs. Lord as outlined above. Appellee, Mrs. Lord, testified that about two years prior to the trial of the cause she went to Mrs. Gus Robertson's home and while there Mrs. Gus Robertson told her, in regard to leas-

ing the land for oil, "Well, if I had as small acreage as you have I would certainly never lease it, I would gamble with it." Mrs. Gus Robertson is one of the heirs of Briggs Robertson, one of the appellants here and was also a witness in the trial court but never at any time denied that she had made the statement attributed to her by appellee. Evidently, notice of Mrs. Lord's entry on the land under claim of title following the foreclosure sale had been brought home to the Briggs Robertson heirs either by the conversation related by Mrs. Lord as had with Mrs. Briggs Robertson or by other evidence brought to them prior to appellee's conversation with Mrs. Gus Robertson hereinabove quoted. The testimony of appellee is uncontroverted that two years prior to the filing of the suit at least one of the heirs, an appellant here, recognized the land as belonging to appellee.

Under the record, appellee went into possession of the land as the owner thereof following her foreclosure of lien on the same in 1934 and the character of such possession and her claim of title to the land did not change in the view of any of the parties until 17 years later when appellee sought to lease the land and filed suit against appellants.

To the testimony concerning the relation of the parties throughout the 17 years may be added the uncontroverted evidence that this tract of land was not included as an asset in the inventory and appraisement made of Briggs Robertson's estate at the time of his death. Further, a number of witnesses, all well acquainted with Briggs Robertson and all engaged in business in the community during the period of seventeen years, testified that Briggs Robertson had never made any claim as to the land in issue and that appellee, Lillian Lord, had been in possession of and cultivating the land through tenants, paying the taxes and collecting the rentals since the year 1934 without any adverse claim as to her title to the land.

Appellants' theory that appellee became a mortgagee in possession by entering into possession of the land under a void fore-

closure sale is refuted by the rulings in Wilhite v. Yount-Lee Oil Co., supra. The uncontroverted evidence in the cause likewise sustains the trial court's peremptory instruction of a verdict for the appellee under the ten year statute of limitation, Vernon's Ann.Civ.St. art. 5510. Appellants' points and assignment of error are overruled and the judgment of the trial court is affirmed.